THE ADAMS EXPRESS COMPANY

*v.*

RICHARD T. HAYNES.

1. CONTRACT — CARRIERS — *effect of a receipt as a contract.* Where an express company, in receiving goods for transportation, as a common carrier, gives a receipt for the goods containing provisions limiting the common law liability of the company, and the shipper accepts the receipt with a full knowledge of its terms, and intending to assent to the restrictions contained in it, it becomes his contract as fully as if he had signed it.

2. ÉVIDENCE — *admissibility thereof, as to whether the shipper gives such assent.* But the simple delivery of such a receipt to the shipper is not conclusive upon the latter. Whether he had knowledge of its terms and assented to its restrictions, is for the jury to determine, as a question of fact, upon evidence *aliunde*, and all the circumstances attending the giving of the receipt are admissible in evidence to enable the jury to decide that fact.

3. WITNESSES — *competency — interest — proving the value of lost baggage.* The exception to the general rule, which allows parties to the record, or persons interested in the event of the suit, to testify in regard to baggage which has been intrusted to a common carrier and lost by him, is restricted to baggage accompanying a person when traveling, and does not apply to a case of the shipment of goods by an express company.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

The opinion of the court states the case.

Mr. OBADIAH JACKSON, for the plaintiff in error.

Where a carrier receives goods for transportation, and gives a paper which contains a receipt for the goods, and also the conditions and terms upon which they are to be carried, the writing has a two-fold character — a receipt, which may be contradicted by parol; and a contract to carry and deliver the goods, which cannot be affected by extrinsic evidence. *Wayland* v. *Mosby*, 5 Ala. 430; *O'Brien* v. *Gilchrist*, 34 Maine, 556; *May* v. *Babcock*, 4 Ohio, 334; *Wolf* v. *Myers*, 3 Sanf. 7; 2 Parsons on Contracts, 555; *Kimball* v. *Rut. and Burl. R. R. Co.*, 26 Vt. 248; *New Jersey Steam Nav. Co.* v. *Merchants' Bank*, 6 How. 384; *Ill. Central R. R. Co.* v. *Morrison*, 19 Ill. 136; *Stoddard* v. *L. I. R. R. Co.*, 5 Sanf. 180; *McClosky* v. *McCormick*, 37 Ill. 66.

Mr. M. F. HEENAN, for the defendant in error.

The paper in question was a simple receipt, with the usual printed notice on it by which common carriers endeavored to divest themselves of their common law liabilities. But it was not signed by defendant, and, therefore, in order to impart to it the qualities of a contract, it was necessary to show that

defendant had knowledge of its contents, and agreed to be bound by it. *Western Transportation Company* v. *Newhall*, 24 Ill. 466; *Mich. Cent. R. R. Co.* v. *Hale et al.*, 6 Mich. 244; *New Jersey Steam Nav. Co.* v. *The Merchants' Bank*, 6 How. Sup. Court U. S. 381; *Hollister* v. *Nowlin*, 19 Wend. 234; *Dow et al.* v. *The New Jersey Steam Nav. Co.*, 1 Kernan, 485.

And whether or not defendant so assented to, or agreed to be bound by, the terms of the notice, was a question of fact for the jury, to be determined by the evidence *aliunde*, and not the subject of presumption from the terms of the receipt alone. *Western Transportation Co.* v. *Newhall*, 24 Ill. 466; *Mich. Cent. R. R. Co.* v. *Hale et al.*, 6 Mich. 244.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit brought by Richard F. Haynes, in the Cook Circuit Court, against the Adams Express company, to recover the value of the contents of a trunk, intrusted to them as common carriers, to transport from Nashville, Tennessee, to Chicago, Illinois; and it was claimed that the contents of the trunk were lost through the negligent and fraudulent conduct of the company. The instrument declared on is as follows:

"ADAMS EXPRESS COMPANY,
" *Great Eastern, Western, and Southern Express Forwarders,*
"NASHVILLE, Feb. 10th, 1865.
"Received of R. T. Haynes, 1 Trunk, value        , marked ' Mr. T. M. Shepherd, Chicago, Ill., which it is mutually agreed is to be forwarded to our agency nearest or most convenient to destination, only, and there delivered to other parties to complete the transportion.

"It is part of the consideration of this contract, and it is agreed, that the said express company are forwarders only, and are not to be held liable or responsible for any loss or damage to said property while being conveyed by the carriers

to whom the same may be by said express company intrusted, or arising from the dangers of railroad, ocean, or river navigation; steam, fire in stores, depots, or in transit; leakage, breakage, or from any cause whatever, unless in every case the same be proved to have occurred from the fraud or gross negligence of said express company, or their servants; nor in any event shall the holder hereof demand beyond the sum of fifty dollars, at which the article forwarded is hereby valued, unless otherwise herein expressed, or unless specially insured by them, and so specified in this receipt, which insurance shall constitute the limit of the liability of the Adams Express company. And if the same is intrusted or delivered to any other express company or agent (which said Adams Express company are hereby authorized to do), such company or person so selected shall be regarded exclusively as the agent of the shipper or owner, and as such, alone liable; and the Adams Express company shall not be in any event responsible for the negligence or non-performance of any such company or person; nor in any event shall said express company be liable for any loss or damage, unless the claim therefor shall be presented to them in writing, at this office, within thirty days after this date, in a statement to which this receipt shall be annexed. All articles of glass, or contained in glass, or any of a fragile nature, will be taken at shippers' risk only; and the shipper agrees that the company shall not be held responsible for any injury, by breakage or otherwise, nor for damage to goods not properly packed and secured for transportation. It is further agreed, that said company shall not in any event be liable for any loss, damage, or detention, caused by the acts of God, civil or military authority, or by rebellion, piracy, insurrection or riot, or the dangers incident to a time of war.

" For the company,

"M. A. BARRY."

" Freight paid, 48s."

A trial was had by the court and a jury, which resulted in a verdict in favor of plaintiff for the sum of $500 damages. Thereupon defendant entered a motion for a new trial, which

was overruled by the court, and judgment was rendered on the verdict, and defendant brings the case to this court to reverse the judgment.

It will be observed, that the receipt upon which this suit is brought contains provisions which were designed to relieve plaintiffs in error from almost every species of responsibility. It is true, that it leaves them liable for fraud and for gross negligence, but even then, only to the extent of fifty dollars. We are at a loss to conjecture how a sane man could be induced to receive such an agreement, knowing its contents. If he understood its terms and conditions, he knew that he was licensing the company, or any of its numerous agents and employees, to appropriate all of the property thus intrusted to their care, by paying him the sum of fifty dollars. And, it appears, that he paid an eighth of that sum, nominally, for transportation of the property, but it looks more like a premium for violating their trust. No person can be surprised that $500 worth of property, intrusted to them under such a receipt, never reached its destination, but it would have been singular if it had.

In the case of the *Western Transportation Company* v. *Newhall*, 24 Ill. 466, it was held, that a common carrier could not restrict his liability by a mere notice that property received by it was subject to specified conditions, indorsed upon the receipt, or given in any other mode. Prior to that case was the case of the *Illinois Central Railroad* v. *Morrison*, 19 Ill. 136, where it was held that a common carrier might enlarge or diminish his liability by express agreement, they still remaining liable for gross negligence, or willful misfeasance of duty, against which good morals and public policy forbid they should be permitted to stipulate. And, where a common carrier received goods for transportation under a restricted liability, and they have been lost, and the carrier is unable to show how or when they were lost, it would only be reasonable to conclude they had been lost through gross negligence or misfeasance.

And it is but reasonable, when the restrictions appear in the receipt, that the jury should be satisfied from the evidence, that the person to whom it was given had full knowledge of the

restrictions when the receipt was given. And to show that he was not so informed, all of the circumstances attending the giving of the receipt may be admitted in evidence. In the case of the *Western Transportation Company* v. *Newhall*, reference was made to the *Mich. Central R. R. Co.* v. *Hale et al.*, 6 Mich. 244, where the court held, that "His assent to this limitation is still necessary, and that is a question of fact for the jury, to be determined by evidence *aliunde*, and is not the subject of presumption from the terms of the receipt alone. And this is the correct rule respecting notices of common carriers, designed to have such effect. The carrier can no more restrict his common law liability, unless upon the free and full agreement of the party dealing with him, than he can refuse to carry when required. Such an agreement is not to be implied from the posting of notices or the simple delivery of one to the consignor, as this would be no more than limitation of his liability by *ex parte* action. Some evidence of assent to the terms of the notice is necessary, from which a contract may be implied."

While this was said in reference to a notice on the back of a receipt, still, if it appeared that the consignor had received a receipt containing limitations, of which he was uninformed, the effect would be the same. And it is for the jury to determine whether he intended to accept an undertaking with a restricted liability. If defendant in error did receive this receipt with a full knowledge of its terms and conditions, and intended to assent to the restrictions it contained, then it undoubtedly became his contract as fully as if he had signed it. See *Baker* v. *Mich. South. & N. Ind. R. R.*, of this term, *ante*, 73.

On the trial below, the court, against the objection of plaintiffs in error, permitted defendant in error to prove a portion of the contents of the trunk. The general rules of evidence exclude parties to the record, and persons having an interest in the result of the suit, from testifying. But, from the necessity of the case, an exception has obtained, in favor of persons who have lost baggage intrusted to a common carrier. But it has never been regarded as a rule, or extended beyond that particular class of cases. And courts always receive such evidence

with caution and endeavor to restrain the rule within the narrowest limits, and to caution juries when they receive such testimony. *Illinois Central Railroad* v. *Copeland*, 24 Ill. 332.

We are aware of no case which has gone to the length of holding, that a consignor of goods transported by water, by rail or otherwise, might in case of loss prove their contents. And if allowed in the case of loss by an express company, no reason is perceived, why the same thing might not be done in every case of loss by common carriers, without reference to the mode of transportation or the character or value of the goods intrusted to the carrier. The exception must, we think, be restricted to baggage accompanying a person when traveling. Until the legislature shall change the rule, we must administer the law as we find it. Whatever may be the hardship, or whatever might be our inclination, we are powerless to extend the exception. The court below therefore erred, in permitting defendant in error to testify as to the contents of the trunk, as they were in no sense baggage. The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*