# THE ADAMS EXPRESS CO.

*v.*

# LOUIS STETTANERS

1. COMMON CARRIER—*release of liability.* Where a common carrier inserts in the shipping receipt a condition that the company will not be liable for loss beyond a specified sum, being less than the value of the goods shipped: *Held,* that such stipulation does not release the common carrier unless it appears that the shipper knew of, and assented to, the limitation.

2. Where the receipt contains such a stipulation, and that the carrier shall only be held liable for gross negligence, and it is assented to by the shipper, still the carrier would be bound for the use of reasonable care. Common carriers can not, by contract, excuse themselves from reasonable care and diligence.

3. SAME—*loss of goods.* Where a person sends goods by an express company and they fail to arrive at their destination, that raises against the company the presumption of the want of ordinary care. The company has it within their power to trace the goods and discover where they were lost, whilst it is not so with the shipper, and hence the burden is upon the carrier to show that he has used reasonable care, notwithstanding he may have stipulated he was only to be held liable for gross negligence.

APPEAL from the Superior Court of Cook county.

Mr. E. G. ASAY and Messrs. HAWES & LAWRENCE, for the appellant.

Messrs. ROSENTHAL & PENCE, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by the appellee against the Adams Express Company to recover the value of certain merchandise shipped from New York to Chicago. The case was submitted to the court upon the following agreement as to the facts, with liberty to both parties to introduce other testimony:

"It is hereby stipulated and agreed that the merchandise in controversy was ordered by plaintiffs, merchants in Chicago, Illinois, of Kutter, Luckemeyer & Co., merchants in the city of New York, in the usual course of trade, and that plaintiffs ordered said New York merchants to ship said merchandise to them at Chicago by the defendant, which is an express company and common carrier. The value of the goods at the time of loss, September 13th, A. D. 1870, was $415.50. The consignors, said New York merchants, shipped said goods by defendant's company, and received from defendant the paper hereto annexed. The goods were not delivered to plaintiffs, but were lost in transit. No statement of the value of the goods was made at time of shipment. The same consignors, a short time before this shipment, shipped a package by same company, of greater value than $50, to other parties (not plaintiffs). Those goods were also lost. A receipt similar to one above was given to consignors at time of shipment. The consignors claimed the full value of goods lost, which was at first refused on the ground that company claimed not to be liable for more than $50, but was finally paid by the company. At the time of payment, which was before the goods in controversy were shipped, the company informed the consignors that in all shipments thereafter, if they wished to hold the company liable for more than $50, they must, at time of shipment, state the real value of package shipped; that plaintiffs did not know, at the time of the shipment to them, of the foregoing information by defendant to consignors. Both parties may introduce other legal testimony on hearing."

The bill of lading which was introduced in connection with the foregoing agreement, contains various stipulations printed underneath the receipt for the goods, one of which is that the company shall not be liable beyond the sum of $50, at which the goods forwarded are to be valued, unless otherwise therein expressed, or unless specially insured, and so specified in the receipt.

The defendant claimed it was liable under this provision only to a judgment of $50. The court held otherwise, and gave judgment for the value of the goods.

This court has several times held that provisions, like the one under consideration, annexed to the receipt in a bill of lading, do not release the carrier from his common law liability unless the assent of the shipper to such limitation is shown, and that such assent is not necessarily to be presumed from the acceptance of the bill of lading. *Adams Express Co.* v. *Haynes*, 42 Ill. 90 ; *Western Transportation Co.* v. *Newhall*, 24 Ill. 466 ; *Buckland* v. *Adams Express Co.* 97 Mass. 125. It is urged that the evidence in this case shows what must be considered as an assent. It is not necessary to discuss that question as the judgment must be affirmed upon another ground.

Even if it should be conceded that the shipper, in this case, must be considered as having assented to the terms of the bill of lading, we can not hold the carrier excused from the exercise of reasonable and ordinary care. Courts have often had occasion to express their regret that common carriers have been permitted, even by contract, to discharge themselves from the obligations imposed by the salutary rules of the common law. Practical monopolies as they often are, under the modern system of railway transportation, they seek to impose their own terms upon the public and compel the shipper to accept such bills of lading as they may choose to issue, or not to ship at all. The exemption relied upon by the defendant in the present case, furnishes an illustration. It is very unreasonable in the carrier to say that ·it will, in no event, be liable beyond the sum of $50 in the absence of a

special contract, though it may have received much more than that sum merely in the way of freight. If common carriers desired to deal fairly with the public, it would be very easy for them to require the shipper to specify the value of the merchandise and insert the amount in the receipt, making their charges in proportion to their liability. If the shipper should falsely state the value he could not complain at being held to his own valuation.

In order to prevent the carrier from releasing himself, by contract, from all liability, courts have laid down the rule above stated, that he can not, even by contract, exempt himself from the exercise of reasonable care. *Illinois Central Railroad Co.* v. *Morrison,* 19 Ill. 136; *Adams Express Co.* v. *Haynes,* 42 Ill. 90; *N. J. Steam Nav. Co.* v. *Merchants' Bank,* 6 How. (U. S.) 382; *York Co.* v. *Central R. R. Co.* 3 Wallace 113; *Farnham* v. *Camden & Amboy Railroad Co.* 55 Penn. 58.

They have also established the further principle that, where the goods fail to arrive at their destination and the carrier does not show the manner of their loss, the presumption arises against him of want of ordinary care. *Adams Express Co.* v. *Haynes,* 42 Ill. 89; *American Express Co.* v. *Sands,* 55 Penn. St. 140; *Davidson* v. *Graham,* 2 Ohio St. Rep. 131.

This rule is reasonable and just. The carrier alone has it in his power to show what has become of the goods, or why they were not duly delivered. He has the means of tracing them from the moment of their shipment. The shipper has not. He can only show that he delivered them safely to the carrier, and unless the rule in question is applied, the shipper would practically have no remedy, even though his goods had been plundered by the very servants of the carrier. It would very rarely be in his power to make the necessary proof.

In the case before us, the defendant made no proof whatever, showing why the goods had not arrived. The presumption then must be indulged that there was the absence of reasonable care, and in that event the defendant can not excuse itself, even by contract.                    *Judgment affirmed.*