## FRANK FIELD

*v.*

## THE CHICAGO AND ROCK ISLAND RAILROAD CO.

1. COMMON CARRIERS — *limiting their common law liability by contract.* That common carriers may limit their common law liability, has been settled by repeated adjudications of this court.

2. Where railroad companies, as common carriers, receive goods marked for a particular place, they are bound, by the common law, to deliver at that place, but they may restrict this liability by a contract, fairly and understandingly made; and when so made, if in the form of a bill of lading, or otherwise, and the terms understood and accepted by the shipper, it becomes the contract of the parties.

3. So, when the receipt on bill of lading of goods marked to New York, recited that the goods were to be transported over the line of the defendant's road, to a certain station, and there delivered, in good order to another company, whose line was a part of the route to the place of destination, and that the liability of defendant, as a common carrier,

should cease when the goods were so delivered at that station to the other company, and the shipper accepted such receipt with knowledge of its contents, it became the contract of both parties, and the responsibility of the company, as a common carrier, ended with the delivery of the goods at the station named in the receipt.

4. Whether the shipper has knowledge of, and assents to, a clause in a bill of lading, or receipt, for goods delivered to a common carrier, whereby the common law liability is limited, is a question of fact to be determined by the evidence in each case.

5. WAIVING A JURY—*effect of, on review in appellate court.* Where the parties waive a jury, and the cause is tried by the court, sitting as a jury, the court stands in the place of the jury, and the decision will be reversed or affirmed by the same rules which govern when the facts are tried by a jury, and the same force and effect will be given to the finding of a judge as to the verdict of a jury.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. JOHN BURNS, Judge, presiding.

Mr. H. B. HOPKINS, for the plaintiff in error.

Mr. T. C. WITHEROW, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, originally brought to the circuit court of Peoria county, by Frank Field, against the Chicago and Rock Island Railroad Company, as common carriers. and taken by change of venue to Tazewell county. There are thirty-two counts in the declaration, all counting on different shipments of flour, made by plaintiff, to New York city, on the cars of defendant. The allegation is, that defendant, as such common carrier, did not safely transport and deliver the flour in a reasonable time after it was put on the cars, and by such negligence the flour was delayed and detained in its transit four months, whereby it was damaged to the amount of two thousand dollars.

The seventeenth count, as also other counts, sets out, in full, the receipt, or bill of lading, delivered by the company

to the shipper, and accepted by him. The plea was non-assumpsit, and a jury waived, and the cause tried by the court on a stipulation which need not be set out in full in the view we have taken of the case.

The defendant relied on the receipt, or bill of lading, delivered to, and accepted by, the plaintiff, at the time of the shipment, the blanks in which were filled up by the plaintiff, or his clerk, who had charge of the shipping. These bills recited, in plain, good-sized, printed letters, that the flour was to be transported over the line of the defendant's road, to Chicago station, and delivered in like good order to the consignee, or owner, at that station, or to such company or carrier, if the same are to be forwarded beyond said station, whose line may be considered a part of the route to the place of destination, it being distinctly understood that the responsibility of the defendant, as a common carrier, should cease at such station, when delivered to such person or carrier. And on this clause of the bills of lading, also in fine, plain print, made conspicuous by an index finger: "This company is not responsible for accidents or delays from unavoidable causes. The responsibility of the company, as carriers, to terminate on the delivery of the freight, as per this bill of lading, to the company whose line may be considered a part of the route to the place of destination of said goods or packages."

It was conceded that the flour reached Joliet in proper time, and in good condition, and was there delivered to the Michigan Central Railroad Company, another common carrier, in that line of transportation.

The delay, it appears, occurred on this road, and on the New York Central Railroad. The deposition of the plaintiff, and of Filton, his clerk, were read for the purpose of proving they had no knowledge of these stipulations, and never assented to them; and on this question the case was tried. The court found the shipper had notice, and there-

fore the receipt, or bills of lading, was the contract between the parties, and gave judgment against the plaintiff.

We are asked to reverse the judgment on the facts alone, and to say the court, sitting as a jury, found against the facts—gave judgment against the evidence. This court has often held, where a trial is had by the court, as to the facts, the court stands in the place of the jury, and the decision will be reversed or affirmed by the same rules which govern when the facts are tried by a jury. *Ambs* v. *Honore*, 24 Ill. 122; *Eastman* v. *Brown*, 32 ib. 53. And it was emphatically said in *Wood* v. *Price*, 46 ib. 435, that the same force and effect should be given to the finding of a judge as to the verdict of a jury.

The question, then, made in this case, of the knowledge of the shipper as to the contents of these bills of lading, has been found against the plaintiff—that he had such knowledge; and looking into the transaction of the parties, and the proof that these bills of lading were in possession of the plaintiff, and filled out by his clerk, it was impossible, in the very nature of things, their contents should not have been known and well understood by the plaintiff; and it is in proof that the clauses here complained of were understood by the shippers generally, and it is inconceivable that a party shipping eight hundred barrels of flour, in different lots, should not have knowledge of them. It is past reasonable belief. Were a jury sitting in the case, and this testimony before them, and the surrounding circumstances, they might have refused to give credence to the statements of plaintiff and his clerk, and we could not have interfered, for there were facts existing, which the jury were bound to take into consideration, sufficient to outweigh such statements. The court, sitting as a jury, has considered all these, and we can not say the finding is against the evidence.

It does not seem to us, that the question so ably argued by appellant's counsel, of the right of common carriers to limit their common law liability, is now to be considered in this

case. That they can limit it, has been settled by repeated adjudications of this court, beginning with *Illinois Central Railroad Co.* v. *Morrison,* 19 Ill. 136.

The question is the one presented and decided in *Adams Express Co.* v. *Haynes,* 42 Ill. 89, where it was held, if a common carrier gives a receipt for the goods, containing provisions limiting the common law liability of the company, and the shipper accepts the receipt, with a full knowledge of its terms, and intending to assent to the restrictions contained in it, it becomes his contract as fully as if he had signed it ; but the simple delivery of the receipt to the shipper is not conclusive upon him. Whether he had knowledge of its terms, and assented to its restrictions, is for the jury to determine as a question of fact, upon evidence *aliunde,* and all the circumstances attending the giving the receipt are admissible in evidence, to enable the jury to decide that fact. These views were reiterated by this court in *Illinois Central Railroad Co.* v. *Frankenberg,* 54 Ill, 88, and in a later case of *Tyler, Ullman & Co.* v. *Western Union Telegraph Co.* 60 ib. 421.

The doctrine of this court is, as found in the numerous cases decided, that when railroad companies, as common carriers, receive goods marked for a particular place, they are bound, by the common law, to deliver at that place ; but they may restrict this liability by a contract, fairly and understandingly made, and when so made, if in the form of a bill of lading or otherwise, and the terms understood and accepted by the shipper, it becomes the contract of the parties, and that is this case. By the common law, and the decisions of this court in conformity therewith, the railroad company, defendant, were bound to deliver this flour in New York, to John Beck & Co., to whom it was consigned, by the contract with the shipper, appearing in the form of a bill of lading. The terms and conditions were known to the shipper, and accepted by him. Their liability was restricted to their own line, and for this they were competent to contract. The court

has found the terms and conditions of these bills of lading were understood and accepted by the shipper. This being so, in the language of the court in *Adams Express Co.* v. *Haynes, supra,* it became the contract of the plaintiff the same as if he had signed it. This fact has been submitted to the court, sitting as a jury, and decided, and we can not say the finding is wrong.

For the reasons given, the judgment must be affirmed.

*Judgment affirmed.*