SOUTHERN EXPRESS CO. *v.* T. C. SEIDE.

1. CARRIERS. *Limiting liability. Negligence.*
    A stipulation in a receipt given by an express company, that if the value of the goods shipped is not stated by the shipper and specified in the receipt, the holder will not demand more than $50 for loss or damage, exempts the carrier from greater liability only when the loss did not result from negligence on its part. This is true, although a greater charge is made for carrying packages over $50 in value, and the shipper fails to state the value and pays the minimum charge.

2. SAME. *Burden of proof.*
    In an action for goods lost where such a receipt has been given, the burden of proof is on the carrier to show that the loss occurred without fault on its part.

FROM the circuit court of Madison county.

HON. J. B. CHRISMAN, Judge.

The package for the loss of which this suit was brought was shipped by the appellee from Canton, Miss., to one Felix in New York. When he delivered it the agent of defendant signed and

67 MISS.—39

delivered to him the receipt set out in the opinion of the court, first inserting therein that the value of the package was not given. He paid the freight, 25 cents, which was the charge made on all packages not exceeding $50 in value. It was shown by the testimony of the agent that a greater charge, according to value, was made for sending packages exceeding $50 in value. He also testified that he was not informed that this package was valued at a greater sum than $50; that nothing in the appearance of the package indicated what its value was, and that if he had known the value was $80, he would have collected 15 cents additional, or 40 cents instead of 25, in accordance with the regular rates of charges. The plaintiff introduced the receipt and proved the loss of the goods and the value. No proof of negligence or want of care was made. Nor was any explanation given for the loss.

The opinion contains a further statement of the case.

*Smith & Powell*, for appellant.

The plaintiff filled out the receipt himself and did not state the value of the package. He paid only 25 cents, the regular charge on all packages not exceeding $50 in value. In this way he avoided payment of the additional charge that would have been made if he had stated the value. He had the receipt and knew that the value was limited to $50, unless he should state a larger sum and pay the increased rate. In such a case the value placed on the goods by the owner, with interest thereon, is the measure of damages for loss. Hutch. on Carriers, p. 595; *Maguir* v. *Dinsmore*, 62 N. Y. 35; *Kirkland* v. *Dinsmore*, Ib. 171; *Belger* v. *Dinsmore*, 51 Ib. 166; *Oppenheimer* v. *Ex. Co.*, 69 Ill. 62. The burden of proof in this class of cases is upon the plaintiff to show negligence in order to recover beyond the value fixed by him.

In some cases it is held that a carrier cannot contract against his own negligence so as to be relieved of ordinary care. Here it is not contended that the defendant failed to exercise such care or abandoned the contract. This not being shown there is no liability beyond $50. 2 Redfield's Am. R'y Cases, 240.

Carriers may limit their liability by contract. Where value is fixed by the shipper and named in the bill of lading or receipt, the

carrier is not liable for a greater value. *Express Co.* v. *Backman,* 28 Ohio St. 144; *Kirby* v. *Express Co.,* 2 Mo. App. 370; *Munser* v. *Holland,* 17 Blatch. C. C. R. 412; *Ernest* v. *Express Co.,* 1 Wood's C. C. R. 573.

For the purpose of obtaining a lower rate, plaintiff failed to give the value, thereby depriving the company of its just compensation, and misleading it as to the degree of care necessary to be used. It is well established that a carrier may by special contract exonerate himself from the common-law liability of an insurer. 2 Redfield's Am. Ry. Cases 48; *Judson* v. *R. R. Co.,* 6 Allen (Mass.) 486.

Where there is a special contract limiting the liability, the carrier becomes a private carrier or bailee, and negligence must be *proved.* *Navigation Co.* v. *Bank,* 6 How. (U. S.) 384; *Marsh* v. *Horne,* 5 Barn. & Cress. 322 (11 Eng. Com. Law 481); *Harris* v. *Packwood,* 3 Taunt. 264; Angell on Carriers, §§ 268, 276; Story on Bailm. § 573; 2 Greenleaf, Ev. § 218; 31 Me. 228; 6 Casey 242; *York County* v. *R. R. Co.,* 3 Wall. 107.

*R. C. Smith,* for appellant, made an oral argument.

*F. B. Pratt,* for appellee.

1. The express company does not undertake to account for the loss of the package, or to show that the loss was without its fault. The fact of the loss imputes negligence. Defendant could not contract against its own negligence. *R. R. Co.* v. *Faler,* 58 Miss. 912.

2. And the burden of proof is on the carrier to show that the loss was without its fault. *Express Co.* v. *Moon,* 39 Miss. 829; *R. R. Co.* v. *Weiner,* 49 Ib. 725; *R. R. Co.* v. *Abels,* 60 Ib. 1017.

*F. B. Pratt* made an oral argument.


COOPER, J., delivered the opinion of the court.

The appellee shipped by the appellant a small package containing two watch-cases of the value of $80, and the same was lost while in the possession of the company. The appellee had been in the habit of shipping by the defendant company, and had in his possession a book containing the receipts usually given out by the company on the receipt of packages for shipment. On the day of

the shipment the appellee filled out one of these receipts, the italicised portions written by himself, and presented the same to the agent of the company for signature at the time he delivered the package. The receipt as signed, was in the following words :—   .

"Read this receipt.

Southern Express Company, Express Forwarders.

(Not negotiable.)

(Domestic bill of lading.)                    *Canton, 8–24, 1888.*

"Received of *T. C. Seide one pkg.*, valued at, — *asked, not given*, —— dollars, and for which amount the charges are made by said company, marked, *N. J. Felix, 71 Nassau St., New York*, which it is mutually agreed is to be forwarded to our agency nearest or most convenient to destination only, and there delivered to other parties, to complete the transportation.

"It is part of the consideration of this contract, and it is agreed that the said express company are forwarders only, and are not to be held liable or responsible for any loss or damage to said property while being conveyed by the carriers to whom the same may be by said express company intrusted, or arising from the dangers of railroads, ocean, or river navigation, steam, fire in store, depots, or in transit, leakage, breakage, or from any cause whatever, unless, in every case, the same be proved to have occurred from the fraud or gross negligence of said express company, or their servants, unless specially insured by it, and so specified on this receipt, which insurance shall constitute the limit of the liability of the Southern Express Company in any event; and if the value of the property above described is not stated by the shipper at the time of shipment, and specified in this receipt, the holder hereof will not demand of the Southern Express Company a sum exceeding fifty dollars for the loss of, or damage to, each package herein receipted for. Nor shall the said company be held responsible for the safety of said property after its arrival at its place of destination.

"And if the same is intrusted or delivered to any other express company or agent (which said Southern Express Company are hereby authorized to do), such company or person so selected shall

be regarded exclusively as the agent of the shipper or owner, and, as such, alone liable, and the Southern Express Company shall not be, in any event, responsible for the negligence or non-performance of any such company or person; and the shipper and owner hereby severally agree that all the stipulations and conditions in this receipt contained shall extend to and inure to the benefit of each and every company or person to whom the Southern Express Company may intrust or deliver the above-described property for transportation, and shall define and limit the liability therefor of such other company or person. In no event shall the Southern Express Company be liable for any loss or damage, unless the claim therefor shall be presented to them in writing at this office, within thirty days after this date, in a statement to which this receipt shall be annexed. All articles of glass, or contained in glass, or any article of a fragile nature, will be taken at shipper's risk only, and the shipper agrees that the company shall not be held responsible for any injury by breakage or otherwise, nor for damage to goods not properly packed and secured for transportation. It is further agreed that said company shall not, in any event, be liable for any loss, damage, or detention, caused by the acts of God, civil or military authorities, or by insurrection or riot, or the dangers incident to a time of war.

Charge on value.    Pd. 25 cents.    For the company.

Freight, ——.                                      LUCAS."

After the loss of the package, the company tendered to the appellee the sum of $50, which it claimed to be the measure of its liability under the contract, which sum was refused by the shipper, and suit was brought for the full value of the property lost. The cause was submitted to the court, a jury being waived, and the learned judge having rendered judgment for the full sum claimed by the plaintiff, the company appeals.

The controversy is, of course, in reference to the effect of the following clause in the receipt: "If the value of the property above described is not stated by the shipper at the time of shipment, and specified in this receipt, the holder hereof will not demand of

the Southern Express Company a sum exceeding fifty dollars for the loss of or damage to each package herein receipted for."

Stipulations in contracts with common carriers of similar import with that under consideration have frequently been presented to the courts for decision, and it is very generally held that their effect is to exempt the carrier from a greater responsibility, only when the loss occurs without the negligence or fault of the carrier; but where the loss springs from negligence the full value may be recovered, notwithstanding the stipulation. *Express Co.* v. *Moon,* 39 Miss. 822; *Cole* v. *Goodwin,* 19 Wend. 251; *Express Co.* v. *Backman,* 28 Ohio St. 144; *Magnin* v. *Dinsmore,* 56 N. Y. 168; *Wescott* v. *Fargo,* 61 Ib. 542; *Express Co.* v. *Stettaners,* 61 Ill. 184; *Express Co.* v. *Sands,* 55 Pa. St. 140; *Railroad Co.* v. *Abels,* 60 Miss. 1017.

The burden of proof was upon the defendant to show that the loss occurred without fault on its part, and this burden it failed to meet.

*The judgment is affirmed.*