### M. A. Hankins v. J. E. Colley.

1. PROPOSITIONS OF LAW—*What is Sufficient Evidential Support to Justify Holding Them as Law Applicable to the Assumed State of Case.* —Where there is evidence in the record tending to prove the hypotheses upon which propositions of law are based, it is sufficient evidential support of the proposition to make it the duty of the court to hold them as law.

2. PRACTICE—*Where the Parties Waive a Jury.*—Where the parties waive a jury and the case is tried by the court, sitting as a jury, the court stands in the place of the jury, and the decision will be reversed or affirmed by the same rules which govern when the facts are tried by a jury.

Replevin.—Appeal from the Circuit Court of Johnson County; the Hon. ALONZO K. VICKERS, Judge presiding. Heard in this court at the August term, 1902. Reversed and remanded. Opinion filed March 2, 1903.

WHITNEL & GILLESPIE, attorneys for appellant.

SPANN & COWAN, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in replevin, commenced before a justice of the peace, by appellee against appellant, to recover possession of one horse. The writ was duly served on appellant, but the horse was not found, and the case proceeded to trial and judgment as in trover. From this judgment an appeal was taken to the Circuit Court of Johnson County, where jury was waived and the case tried by the court without a jury, resulting in a judgment in favor of appellee for $125.

Among the questions of fact involved in this case, upon which the evidence is conflicting, are: Was appellee the owner of the horse demanded of appellant, and was appellant in possession of the horse demanded, at the time demand was made. These were controlling questions, and as to them the record discloses two material errors.

The court, over appellant's objection, permitted appellee to testify that, in the absence of appellant, she had at various times stated to different persons whose names she gave, that she owned the horse in question. The persons named were neither parties in adverse interest, nor in any way privies thereto, nor is there anything disclosed in the record that would make such statements competent evidence for any purpose. They were purely self-serving statements. And the court followed this error up by permitting, over appellant's objection, one of the persons to whom appellee claimed she had made such statement, to be produced and to testify in corroboration of appellee as to such statement; thus permitting her to establish her claim of ownership, at least in part, by her own self-serving statements.

Upon the trial in the Circuit Court, counsel for appellant submitted to the court certain written propositions to be held as law in the decision of the case. Two of these propositions which were pertinent to the issue involved, and which stated the law applicable to appellant's theory of the case, were indorsed by the trial judge as follows: "Evidence does not support the proposition. Not held;" and, "Not supported by the evidence. Not held."

The evidence tends to support appellant's theory of the case; there is evidence in the record tending to prove the hypotheses upon which these propositions were based. That is sufficient evidential support of the propositions to make it the duty of the court to hold them as law applicable to the assumed state of case, without reference to what the court may finally find as to the weight of the evidence bearing upon the issue of fact involved in the proposition:

" Where the parties waive a jury, and the case is tried by the court, sitting as a jury, the court stands in the place of the jury, and the decision will be reversed or affirmed by the same rules which govern when the facts are tried by a jury." Field v. Chicago & R. I. R. R. Co., 71 Ill. 458.

We are of opinion that the errors above discussed are of sufficient gravity, under the facts of this case, to call for a reversal, and as the case must again be tried, we purposely refrain from any discussion as to the weight of the evidence.

The judgment of the Circuit Court is reversed and the case remanded.