DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1908.

---

The People, Defendant in Error, v. Fred Warning, Plaintiff in Error.

Gen. No. 4,940.

FINDING OF COURT—*how reviewed upon questions of fact.* Where a trial is had by the court as to the facts, the court stands in the place of the jury and the decision would be reversed or affirmed by the same rules which govern where facts are tried by a jury.

Action commenced before justice of the peace. Error to the Circuit Court of Will county; the Hon. A. O. MARSHALL, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed August 10, 1908.

J. L. O'DONNELL and F. F. DONOVAN, for plaintiff in error.

WILLIAM D. HEISE, for defendant in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The thistle commissioner of Frankfort township in Will county on December 28, 1906, filed a complaint in the name of the people of the state of Illinois, before a justice of the peace against Fred Warning to recover a fine for the violation of section 40 of the Criminal Code, which provides that whoever shall permit any Canada thistle to mature its seed on any land owned or

(181)

occupied by him, so that the same is or may be dis-
seminated, shall be fined not less than $10 nor more
than $100. The defendant appealed from the judgment
of the justice of the peace to the Circuit Court of Will
county. In the Circuit Court a jury was waived and
the case was tried by the court, resulting in the imposi-
tion of a fine of $10 and costs upon defendant in error.
The defendant has sued out a writ of error from this
court to test the validity of that judgment.

Propositions of law were presented which the court
held satisfactorily to the plaintiff in error, except
wherein the court was asked to hold that plaintiff in
error could not be found guilty under the law and the
evidence in the case. The only question presented for
our consideration is, does the evidence justify the judg-
ment? The evidence shows that the plaintiff in error
for six years prior to the filing of the complaint occu-
pied a farm of about four hundred acres situated
partly in Will county and partly in Cook county, as a
tenant of one Thompson, who resides in Chicago. Over
two hundred acres of the farm are in meadow and pas-
ture. In the lease the defendant in error specifically
assumes the care and responsibility of destroying the
Canada thistles, of which there are about thirty patches
on the farm. In the latter part of August, 1906, the
thistle commissioner found two patches of Canada
thistles in a pasture on this farm, in Will county, in
which thistles had gone to seed, about forty rods from
the defendant's residence. The commissioner gath-
ered thistles from these patches, that had matured
their seed, and produced them in court. The commis-
sioner testified that these patches, one of which was
about fifty by one hundred feet in area and the other
not so large, appeared as if they had not been cut that
year. The defendant testified that there were about as
many thistles on the farm when he went there as there
was in 1906; that he knew where the patches were and
hired men to cut them; that the men did cut them and
the thistles were not permitted to go to seed. Other wit-

nesses also testified that the thistles were cut and not permitted to mature. There was also testimony concerning the nature and characteristics of Canada thistles.

Plaintiff in error contends that the word "permit" as used in the statute concerning Canada thistles is more positive than to "allow" or "suffer;" that to permit as used in this act "denotes decided assent." The proof by plaintiff in error shows that he knew of these patches of thistles, and that they were in a pasture near his residence. We conclude from a review of all the evidence, that even if the construction is given the statute that plaintiff in error contends for, the Circuit Court was justified in finding that the plaintiff in error was guilty of such negligence as to be in law deemed to have intentionally permitted Canada thistles to mature on the land occupied by him. Commonwealth v. Curtis, 9 Allen, 266; 2 Burrill's Law Dict. 657.

"Where a trial is had by the court as to the facts, the court stands in the place of the jury, and the decision will be reversed or affirmed by the same rules which govern where the facts are tried by a jury." Field v. C. & R. I. Ry., 71 Ill. 458; Podolski v. Stone, 186 Ill. 540. The trial court having found against the plaintiff in error we cannot say the evidence did not justify such finding. The judgment is, therefore, affirmed.

*Affirmed.*