HENRY W. K. CUTTER *et al.* Appellees, *vs.* WELLS, FARGO
& Co. Appellant.

*Opinion filed December 15, 1908.*

CARRIERS—*a provision of express receipt construed as a limit upon common law liability.* A provision in the printed receipt of an express company, reading, "nor in any event shall said company be held liable beyond the sum of $50, at not exceeding which sum the said property is hereby valued, unless a different value is herein above stated," following which is a blank space for inserting figures representing the value of the shipment but in which no figures are marked, is an attempt to limit the carrier's common law liability in violation of the Common Carriers act.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding.

This is an appeal by Wells Fargo & Co. from a judgment of the Branch Appellate Court for the First District affirming a judgment for the sum of $207.50 and costs of suit recovered by Henry W. K. Cutter and Charles H. Crosette, co-partners doing business as Cutter & Crosette, appellees, against appellant, in the municipal court of Chicago, for the loss of certain goods delivered to it by appellees for shipment.

Appellant is a common carrier engaged in the express business. On April 26, 1906, it received from appellees five cases of shirts, of the value of $728, to be shipped by express to Charles A. Lewis in San Francisco, California. One of these cases, valued at $207.50, was lost by appellant and never delivered. At the time of the delivery of the goods to appellant appellees paid to it the sum of $98.10 express charges and were given a receipt covering the goods, and containing a provision which appellant regards as limiting its liability in this instance to $50.

A certificate of importance was granted to appellant. It here contends that the $50 clause in the receipt given to appellees is binding upon them, and that their recovery in this case should not exceed that amount.

HOLT, WHEELER & SIDLEY, for appellant.

MUSGRAVE, PLATT & LEE, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The statute of this State provides that when property is received by a common carrier to be transported from one place to another, it shall not be lawful for the carrier to limit its common law liability by any stipulation or limitation expressed in the receipt given for such property (Hurd's Stat. 1905, chap. 27.) The printed portion of the receipt given by the carrier in this case contained this language: "Nor in any event shall said company be held liable beyond the sum of $50, at not exceeding which sum the said property is hereby valued, unless a different value is herein above stated." Following the printed part of the receipt was a blank for the insertion of figures stating the value of the shipment, but no figures were placed in that space. It appears that if the correct value had been given a higher rate would have been imposed by the company than the one by which the charge was, in fact, determined. The municipal court instructed the jury on the theory that the quoted language was a stipulation or limitation limiting the common law liability of the express company. Appellant contends that the court erred in so doing; that this provision as to the valuation of the goods shipped was not a limitation upon the common law liability of the carrier, but was a stipulation made in the interest of fair dealing between the parties, which was necessary to enable the carrier to fix a proper charge for carriage and for exercising

needful precautions in handling and safeguarding the goods; and further, that it was a stipulation made to liquidate the amount for which the carrier would be liable in case of loss through its own negligence.

This court has frequently held provisions identical in meaning with the one now under consideration, when contained in the receipt given for the property, to be an attempt by the carrier to limit its common law liability. (*Adams Express Co.* v. *Haynes,* 42 Ill. 89; *Adams Express Co.* v. *Stettaners,* 61 id. 184; *Boscowitz* v. *Adams Express Co.* 93 id. 523; *Chicago and Northwestern Railway Co.* v. *Chapman,* 133 id. 96.) Appellant concedes this to be true, but states that the case of *Oppenheimer* v. *United States Express Co.* 69 Ill. 62, and the greater weight of authority in other jurisdictions, both English and American, is to the contrary effect, and seeks to have this court improve this opportunity to make the law of this State harmonize with the great trend of legal opinion in reference to this matter. The *Oppenheimer case* was explained in *Boscowitz* v. *Adams Express Co. supra,* and as there explained is not in conflict with the other Illinois cases cited above. While the authorities outside this State are not uniform, it is true, as stated by appellant, that by far the greater array thereof supports the doctrine for which it contends. We have so long held the law to be the other way, however, that we do not think we should now change the rule in Illinois.

It is unnecessary to consider the other questions discussed in the briefs.

The judgment of the Branch Appellate Court will be affirmed.                    *Judgment affirmed.*