DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1909.

---

## Rodman B. Ellison et al., Plaintiffs in Error, v. Adams Express Company, Defendant in Error.

### Gen. No. 14,741.

1. COMMON CARRIERS—*effect of limitations in receipt of express company.* Limitations in an express company's receipt by which the amount limited in the receipt can only be recovered in the event of loss (the true value of the merchandise not having been set forth), are contrary to the statute and will not prevent a recovery of the full market value.

2. COMMON CARRIERS—*what does not rebut presumption of negligence.* An express company sued for loss of merchandise in carriage, does not rebut the presumption of negligence which arises against it by showing destruction of such merchandise while in its possession by a fire the cause of which appears from the evidence was unknown.

BAKER, J., dissenting.

Action on the case. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed December 6, 1909. Rehearing denied December 20, 1909.

**Statement by the Court.** Plaintiffs on February 2, 1907, shipped from Philadelphia through defendant, a common carrier engaged in interstate traffic, two bales of woolens, one directed to John B. Ellison Sons, Chicago, and the other to Herzka Bros. of the same

place. Each shipment was distinct, separate receipts being given for each bale by different drivers of defendant's express wagons. The market values of the woolens in the bales were respectively $349.95 and $229.50. The receipts were exactly alike in their provisions, being written by the shipping clerk of plaintiffs on a printed form in a book supplied by defendant. These receipts contain this provision: "The Company's charge is based upon the value of the property which must be declared by the shipper." In the column for value is stamped: "Value was asked and not given," and "that the property was received subject to the terms and conditions of the company's regular form of receipt printed in the inside front cover of the book. Liability limited to $50 unless a greater value is declared." One of the conditions on the cover referred to in the receipts is this:

"1. In consideration of the rate charged for carrying said property, which is regulated by the value thereof and is based upon a valuation of not exceeding fifty dollars unless a greater value is declared, the shipper agrees that the value of said property is not more than fifty dollars, unless a greater value is stated herein, and that the Company shall not be liable in any event for more than the value so stated, nor for more than fifty dollars if no value is stated herein."

The shipping clerk knew of this provision in relation to limitation of value and, so knowing, did not state the value. His action in this regard was in obedience to the order of his employers. He further knew that the purpose of declaring value of shipment was to fix the charge for carrying; that shipments exceeding in value $50 were subject to an increased rate over those of not more than that value; that many hundreds of packages exceeding in value $50 were frequently shipped through defendant, the usual receipt taken and values never given to or specially requested by defendant. Had the true value of the bales been declared by the shipper, the carrying charges would have been increased to the amount of

seventy cents. The bales arrived in Chicago safely, but before the car in which they were shipped had been unloaded, and on February 4, 1907, from some cause unknown and unexplained, the car was burned and the goods totally destroyed. Defendant, contending that its liability was limited to $50 for each bale, paid into court $116.50, the amount so due, including costs of suit to date of payment. The plaintiffs refusing to accept this, the cause proceeded to trial with a jury and resulted in a verdict and judgment for defendant. The market value of the woolens so shipped and destroyed by fire was $579.45. Each party moved for an instructed verdict upon its several theories, which the trial judge denied. Plaintiffs seek this review and ask a reversal of the judgment upon the contention that the limitation of liability contained in the receipts is ineffectual to bind them, and that defendant was, under the evidence, negligent, and that such negligence resulted in the destruction of plaintiffs' goods was imputable to defendant under the law, which negligence it failed to rebut by proof, and that as a consequence of such negligence it is answerable to plaintiffs for the market value of the goods at the time of their destruction, and that such market value is $579.45.

FREDERICK L. GOFF, for plaintiffs in error.

CHARLES B. ELDER, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Defendant seeks to sustain the judgment of the Municipal Court upon theories which proved unavailing in Cutter v. Wells Fargo Co., 237 Ill. 247. The statutes of this state, chapter 27, R. S., make it unlawful for the carrier to limit its common law liability by any stipulation or limitation expressed in the receipt given for such property. The limitations in

the receipts found in the record, and which are here invoked as a defense, are contrary to this statute and therefore must be disregarded and treated as impotent to defeat the recovery of the market value of the goods destroyed before delivery. The liability of defendant is that cast upon it by the common law to pay the value of the property received for transportation and not delivered at the point to which it was received for delivery. It is true that plaintiffs knew of this limitation in the receipts, but we do not think such fact necessarily changes the operation of the prohibition against it found in the statute. While plaintiffs knew of the condition in the receipts, the defendant made no demand or request for a valuation and received the bales for shipment with the assumed knowledge of the liability which the law imposed upon it. We know of no law compelling defendant to accept the bales for transportation without a valuation being stated by the shippers, if it had seen fit to refuse to accept them without such valuation. We do not think that the knowledge of plaintiffs of the limitation of value in the receipts, unsupported by other proof, can be construed as an assent to their terms. In case *supra* the court say: ''This court has frequently held provisions identical in meaning with the one now under consideration, when contained in the receipt given for the property, to be an attempt by the carrier to limit its common law liability. (Adams Express Co. v. Haynes, 42 Ill. 89; Adams Express Co. v. Stettaners, 61 *id.* 184; Boscowitz v. Adams Express Co., 93 *id.* 523; Chicago & Northwestern Railway Co. v. Chapman, 133 *id.* 96). Appellant concedes this to be true, but states that the case of Oppenheimer v. United States Express Co., 69 Ill. 62, and the greater weight of authority in other jurisdictions, both English and American, is to the contrary effect, and seeks to have this court improve this opportunity to make the law of this state harmonize with the greater trend of legal opinion in reference to this matter. The Op-

penheimer case was explained in Boscowitz v. Adams Express Co., *supra*, and as there explained is not in conflict with the other Illinois cases cited above. While the authorities outside of this state are not uniform, it is true, as stated by appellant, that by far the greater array thereof supports the doctrine for which it contends. We have so long held the law to be the other way, however, that we do not think we should now change the rule in Illinois." This case was an affirmance of the judgment of this court in 140 Ill. App. 324, Mr. Justice Freeman voicing the opinion of the court. Walker-Edmund Company v. Adams Express Co., 146 Ill. App. 176.

By like reasoning the common carrier cannot be relieved against damage to the shipper resulting from its own negligence, notwithstanding the terms of a bill of lading so provide. Such a provision will not suffice to abrogate the salutary rules of the common law to the extent of absolving the carrier from the exercise of reasonable and ordinary care. In the absence of a special contract the common carrier cannot limit the amount of its liability, and not even by contract can it exempt itself from the exercise of reasonable care. The rule of evidence in this state is that failure of goods to arrive at their destination raises the presumption against the carrier of want of ordinary care, and the burden shifts to the carrier to rebut such presumption by proof sufficient to exculpate it from the negligence attributable to it from the fact of non-arrival at destination. Such is the trend of judicial holding of our courts. As said in Adams Express Co. v. Stettaners, 61 Ill. 184, "this rule is reasonable and just. The carrier alone has it in his power to show what has become of the goods, or why they were not duly delivered. He has the means of tracing them from the moment of their shipment. The shipper has not. He can only show that he delivered them safely to the carrier, and unless the rule in question is applied, the shipper would practically have no

remedy, even though his goods had been plundered by the very servants of the carrier. It would very rarely be in his power to make the necessary proof."

The goods, so defendant's proof establishes, were, while in the car in which they were transported and while such car was at its terminal in Chicago, destroyed by fire, and that the cause of the fire was unknown. This is not sufficient to rebut the presumption of negligence which the law raises against the carrier from the fact of the fire, without explanation as to how it occurred, for, as said in L. & N. R. R. v. Touart, 97 Ala. 514. "The defendant being a common carrier, did not meet its responsibility by simply showing the destruction of the cotton by fire and that it did not know what caused it." The court say in G. C. & S. F. Ry. v. Zimmerman, 81 Texas 608, "From the fact that the cotton was burned while in transit and in the car of appellant, the presumption obtains that the fire and the consequent loss were caused by the negligence of appellant." The origin of the fire which destroyed plaintiffs' woolens being unknown is utterly insufficient to rebut the presumption of negligence inferable from the fact of their destruction before delivery, while in the custody of defendant. Whether defendant was negligent is a question of fact for the jury. Erie v. Wilcox, 84 Ill. 239. On the question of negligence there is not in this record any rebutting proof overcoming the negligence attributable to defendant from the unexplained cause of the fire which destroyed plaintiffs' woolens. The verdict of the jury is therefore only solvable on the theory that they were of the opinion that the valuation in the receipts bound the parties, and that the amount tendered was the limit of plaintiffs' right of recovery and the corresponding extent of defendant's responsibility. Such apparently was the attitude of the trial judge. What has already been said sufficiently disposes of the case on this review, and the many other questions, forcefully argued by counsel for defendant at some con-

siderable length, lose their importance as controlling factors in view of the conclusions to which we have arrived.

The judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*

MR. JUSTICE BAKER, dissenting.