HENRY PLAFF, Appellee, *vs.* THE PACIFIC EXPRESS COMPANY, Appellant.

*Opinion filed June 20, 1911—Petition stricken October 12, 1911.*

1. PRACTICE—*when judgment by default for want of appearance is improper.* Where the defendant has a written appearance on file it is error to enter a judgment by default for want of appearance, as the proper judgment in such case is a judgment *nil dicit* or for want of a plea; but the error is not one which should reverse the judgment.

2. SAME—*when denial of motion to set aside judgment by default is proper.* · It is not error to decline to set aside a judgment by default, even though the defaulted party may have a meritorious defense, if he or his attorney has been guilty of negligence.

3. SAME—*judgment not void because no cost bond was filed.* A judgment in favor of a non-resident plaintiff is not void because no cost bond was then on file, and if he files a cost bond on defendant's motion to dismiss the suit for want of such bond it is not error for the court to deny the motion, and such denial amounts to leave to file the bond.

4. SAME—*defendant's rights are not entirely foreclosed by default.* After default in assumpsit the defendant company cannot dispute the allegations of the declaration or deny the cause of action, but it has the right to appear and cross-examine the plaintiff's witnesses and introduce witnesses on the question of damages, ask for instructions on that question and preserve its right in those respects by a bill of exceptions.

5. CARRIERS—*rule where carrier limits common law liability in shipper's receipt.* In Illinois, in order to bind the consignor by a restriction of common law liability inserted by a common carrier in its receipt for the goods, it must appear that the consignor was aware of the restriction in the receipt, and if it is sought to bind the consignee it must also appear that the consignor had authority to bind the consignee by making the contract subject to such re-

striction. (*Merchants' Despatch Transportation Co.* v. *Joesting,* 89 Ill. 152, adhered to.)

6. SAME—*default admits allegation that defendant carrier was negligent.* In assumpsit against a common carrier to recover for the loss of a consignment, a default admits the allegation of the declaration that the consignment was lost through the negligence of the defendant.

CARTWRIGHT, J., dissenting.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding.

JOHN GIBSON HALE, for appellant.

CLINTON C. COLLINS, and E. S. METCALF, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of assumpsit commenced by the appellee against the appellant in the superior court of Cook county to recover the value of a shipment of merchandise delivered by Spaulding & Co., as consignors, in the city of Chicago, Illinois, of whom the appellee had purchased said merchandise, to the appellant, as a common carrier, for shipment to the appellee, as consignee, at El Paso, Texas, the place of residence of the appellee. The declaration contained two counts, which, in substance, are as follows:

The first count charges that the defendant, at the time of the making of the promise hereinafter referred to, was a common carrier of goods and chattels for hire from the city of Chicago, Cook county, Illinois, to El Paso, Texas; that the defendant being such common carrier, the plaintiff, on or about the 21st day of December, 1906, at Chicago, Illinois, at the request of the defendant, caused to be delivered to defendant certain goods and chattels of the plaintiff, to-wit, one hair-brush, one comb, two colognes,

two puff-boxes, one ring, two pencils, one cigar-cutter, one cigar case, one bridge set, one purse, one brooch, one matchbox and one card case, of the value of $538, to be taken care of and safely carried by defendant, as such carrier, from the city of Chicago, Illinois, to El Paso, Texas, and there safely delivered by the defendant for the plaintiff; that in consideration thereof and of certain reward to defendant in that behalf, the defendant, at Chicago, Illinois, promised the plaintiff to take care of the said goods and chattels and safely carry the same from Chicago, Illinois, to El Paso, Texas, and there deliver the same for the plaintiff; that although the defendant, as such carrier, then and there received the said goods and chattels for the purpose aforesaid, yet not regarding its said promises it has not taken care of the said goods and chattels or safely carried and delivered the same for the plaintiff, but, on the contrary thereof, so carelessly behaved itself in that respect that the said goods and chattels, by and through the mere negligence and improper conduct of defendant and its servants, afterwards, to-wit, on the day aforesaid, became and were lost to plaintiff.

The second count charges that on the day aforesaid, at Chicago, Illinois, the defendant became and was indebted to the plaintiff in the sum of $538 for the loss of the said goods and chattels (describing them as goods, wares and merchandise,) then and there delivered to the defendant, to be carried by the defendant from Chicago, Illinois, to El Paso, Texas, and being so indebted, the defendant, in consideration thereof, then and there promised the plaintiff to pay to him the said sum of money on request, and that, though thereafter requested so to do, the defendant has not paid such sum or any part thereof.

A summons was duly issued returnable to the September term, 1907, which was served on July 8, 1907. On September 3 the appellant filed its appearance in writing, and on the 7th day of the same month a default was en-

tered against the appellant, the order being in the following terms: "On this day comes the plaintiff, and it appearing to the court that due personal service of the summons has been had on defendant for at least ten days before the first day of this term, and the defendant being now thrice called in open court comes not, nor does any person for it, but herein makes default, which is, on motion of the plaintiff, ordered to be taken and the same is hereby entered of record; wherefore the plaintiff ought to have and recover of and from the defendant his damages sustained herein by reason of the premises." On the 14th day of May, 1908, the appellant entered its motion to set aside said default and for leave to plead, on two grounds: First, that the court had no right to enter a default against it, as it had a written appearance on file; and secondly, that the default was wrongfully entered, as the appellee was a non-resident and at the time of the entering of the default no cost bond was on file. The appellant filed affidavits with its motion to set aside the default, setting up its grounds of defense to the action upon the merits. The court overruled the motion to set aside the default, whereupon the appellant moved the court to dismiss the suit for want of a cost bond, and thereupon the appellee filed a cost bond and the motion to dismiss the suit was overruled. A jury was then waived, and the court assessed the damages of the appellee at $538 and rendered judgment against appellant for that amount and costs, from which judgment appellant prosecuted an appeal to the Appellate Court for the First District, where the judgment of the superior court was affirmed, and the Appellate Court having granted a certificate of importance, a further appeal has been prosecuted to this court.

The first contention of the appellant is that the court erred in entering a default judgment against it, as it is said at the time of the entering of said judgment it had a written appearance on file. We think it manifest that a judgment by default, after an appearance has been filed, for

want of an appearance is irregular, and that the proper order in such case is judgment *nil dicit* or for want of a plea. The entering of a default judgment for want of an appearance instead of for want of a plea, after an appearance is on file, is, however, a mere irregularity and should not work a reversal of a judgment. Although a defaulted party has a meritorious defense, a default will not be set aside if he or his attorney has been guilty of negligence. *Mendell* v. *Kimball,* 85 Ill. 582; *Walsh* v. *Walsh,* 114 id. 655; *Hitchcock* v. *Herzer,* 90 id. 543.

It is next contended that the court erred in declining to dismiss the suit for want of a cost bond. A judgment in favor of a non-resident plaintiff is not void because the record fails to show that the plaintiff gave a cost bond. (*Palmer* v. *Riddle,* 180 Ill. 461.) If a non-resident brings suit without filing a cost bond and afterwards files one without first obtaining leave of court so to do, this will be a substantial compliance with the statute, and the denial of a motion to dismiss the suit amounts to leave to file a bond. (*Baker* v. *Palmer,* 83 Ill. 568.) The court did not err in declining to dismiss the suit for want of a cost bond. The defendant's rights were not, however, wholly foreclosed by the default. While the default admitted every material allegation of the declaration it did not admit the amount of damages. The defendant, on the execution of the writ of inquiry before the court, could not introduce evidence tending to dispute the allegations of the declaration or to show the plaintiff had no cause of action, as the default admitted the cause of action stated in the declaration; still, it had the right to appear and cross-examine plaintiff's witnesses and introduce witnesses on its part on the question of damages, ask for instructions on that question and preserve its rights for review on that branch of the case by a bill of exceptions. *Cook* v. *Skelton,* 20 Ill. 107; *Chicago and Rock Island Railroad Co.* v. *Ward,* 16 id. 522; *Cairo and St. Louis Railroad Co.* v. *Holbrook,* 72 id. 419.

It is further contended the trial court erred in admitting proof of the cost price in Chicago of the lost merchandise, as it is said the measure of damages should have been fixed by the market value of the merchandise at the place where it was to be delivered. We think the court did fall into error in the particular pointed out, (*Northern Transportation Co.* v. *McClary,* 66 Ill. 233; *Chicago and Northwestern Railway Co.* v. *Dickinson,* 74 id. 249;) but no objection or exception was made or preserved to the ruling of the court upon that question and it is not open for review in this court.

It is finally contended that by the receipt which was issued to Spaulding & Co. on behalf of the appellee at the time the merchandise was delivered to appellant for shipment, the right of recovery in case of the loss of the merchandise, other than by the negligence of the appellant, was limited to $50. The declaration averred the goods were lost through the negligence of the appellant, and that averment was admitted by the default of the appellant. If, however, that question were open upon the assessment of damages, the law is, we think, settled in this State that where a common carrier delivers to the shipper a receipt for goods received for shipment which limits its common law liability, in order to bind the shipper it must be made to appear by the carrier that the shipper was aware of the restriction contained in the receipt. (*Field* v. *Chicago and Rock Island Railroad Co.* 71 Ill. 458; *Boscowitz* v. *Adams Express Co.* 93 id. 523; *Chicago and Northwestern Railway Co.* v. *Simon,* 160 id. 648; *Illinois Central Railroad Co.* v. *Carter,* 165 id. 570; *Chicago and Northwestern Railway Co.* v. *Calumet Stock Farm,* 194 id. 9; *Wabash Railroad Co.* v. *Thomas,* 222 id. 337; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Patton,* 203 id. 376.) And where, as here, it is sought to bind the consignee by the act of the consignor, it must be made to appear that the consignor had authority to bind the consignee. The case of *Merchants'*

*Despatch Transportation Co.* v. *Joesting,* 89 Ill. 152, is directly in point. In that case, on page 155, it was said: "In this case appellees did not see the shipping receipt and were not aware that it contained the exception until after the goods passed to appellants. But it is said the merchants of whom the goods were purchased knew of the exceptions when they shipped them. Concede this to be true, and there is no evidence that appellees ever authorized them to make a contract limiting the carrier's liability. In the absence of evidence the presumption would be that they had only authority to ship them with all the liabilities of the common carrier attaching, without exceptions of any description. So it is seen that appellant has failed to show that appellees ever expressly or by implication assented to the exemption from liability by loss from fire."

It is urged by the appellant that the *Joesting case* is out of line with the cases, generally, upon this question in other States. While there is some conflict in the authorities upon the question, that case was well considered, and is, we think, in harmony with the cases upon the subject of the liability of common carriers to shippers in this State, and we are not disposed at this late day to modify the opinion or recede from the position therein announced.

Other questions are raised upon this record, but they go to the right of recovery and not to the question of damages, and appellant upon those questions is foreclosed by the default and they need not be considered in this opinion.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT, dissenting.