## THE ANCHOR LINE *et al.*

### *v.*

## PHILIP W. DATER *et al.* for use, etc.

| 68 | 369 |
| 24a | 248 |
| 68 | 369 |
| 160 | 653 |
| 68 | 369 |
| 55a | 163 |
| 68 | 369 |
| 194 | ² 13 |

1. COMMON CARRIER—*limitation of liability by contract.* If a shipper takes a receipt for his goods from a common carrier, which contains

conditions limiting the liability of the carrier, with a full understanding of such conditions, and intending to assent to them, it becomes his contract as fully as if he had signed it, and he will be bound by the conditions.

2. SAME—*whether shipper assents to conditions is a question of fact.* It does not necessarily follow, because the carrier delivers to the shipper a receipt for goods to be carried, containing limitations of his liability, that the shipper assents to such limitations, as he has no alternative but to accept such a receipt as the carrier may give. Whether the shipper has assented to such conditions, is a question of fact for the jury.

3. SAME—*party liable as defendant.* Where goods are shipped with a certain company for transportation, and the goods pass through other companies merely as agents of the first, and are lost, suit should be brought against the first company alone, and it is error to take judgment against all the companies.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

This was an action on the case, brought by Philip W. Dater, Edward P. Whaling, and William J. Whaling, partners, for the use of The Union National Bank of Chicago, against the Anchor Line, The Erie and Western Transportation Company, The Philadelphia and Erie Railroad, The Erie and Pittsburg Railroad, J. C. Evans and E. T. Evans. Judgment was rendered in favor of the plaintiffs for $1400 against all the defendants, and they appealed.

Mr. GEORGE GARDINER, for the appellants.

Messrs. FULLER & SMITH, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, against appellants as a common carrier, for failing to carry and deliver to the consignee two hundred barrels of flour. The general issue was pleaded, and the cause tried by the court without a jury, who found the issue for the plaintiffs, and assessed their damages at fourteen hundred dollars.

A motion for a new trial was overruled and judgment rendered for the plaintiffs.

To reverse this judgment the defendants appeal.

The flour was destroyed in the warehouse of appellants by the great October fire. It was delivered to appellants' agent late on Saturday, the 7th day of October, too late in the day to be placed on board the propeller of that day, and was warehoused in a safe warehouse.

The bill of lading delivered to the consignors relieves the carrier from liability for loss by fire, while the property is in transit or while in depots, etc.

This bill of lading, appellants insist, was the contract of the parties, by which they are bound, and the provisions of which are plainly and easily understood by any business man, and the assent of the shipper to the terms contained in it should be presumed.

The court, sitting as a jury, did not find evidence sufficient to justify it in presuming assent from the mere acceptance of the receipt. The shipper had no alternative but an acceptance of it, and his assent to its conditions can not be inferred from that fact alone. It is in proof that its terms and conditions were not known to these shippers, although they had accepted a large number of them in the course of their business with the appellants.

The terms and conditions of this bill of lading, or receipt, were inserted for the purpose of limiting the liability appellants were under by the common law. They should appear plainly in the instrument, be understood by the consignor, and knowingly accepted as the contract of the parties, and intended to evidence the terms of the contract. These were points for the court trying the case, and the finding of the court in this respect can not be disturbed.

We see no cause to depart from the rule established by this court, in *Adams Express Co. v. Haynes*, 42 Ill. 89, and *Ill. Central R. R. Co. v. Frankenberg et al.* 54 ib. 88, and that is, if a shipper takes a receipt for his goods from a common

carrier, which contains conditions limiting the liability of the carrier, with a full understanding, on the part of the shipper, of such conditions, and intending to assent to them, it becomes his contract as fully as if he had signed it, and these are questions for the jury.

On the other point made by appellants, that there is no evidence to support the finding against all the defendants named, we think that is well made. The Erie and Western Transportation Company, we find from the bill of lading, is the proprietor of the Anchor Line, and is a corporation of the State of Pennsylvania. The other companies are merely agents of that company. The action should have been brought against the company alone. The "Anchor Line" is merely a name of distinction. The responsible party is "The Erie and Western Transportation Company," against whom the action should have been brought. The others are mere agents, so far as this record discloses.

For this error the judgment must be reversed and the cause remanded.

*Judgment reversed.*