THE ERIE AND WESTERN TRANSPORTATION COMPANY

*v.*

PHILIP W. DATER *et al.*

1. CARRIER—*limiting his liability.* A shipper of goods is not bound by a clause in a carrier's receipt or bill of lading given on the receipt of goods for transportation, limiting the common law liability of the carrier, unless the shipper assents to the same.

2. SAME—*assent to limitation not presumed.* The assent of a shipper to the conditions in a receipt or bill of lading limiting the carrier's liability will not be inferred from the mere fact of acceptance of the bill or receipt without objection,—and this without regard to the fact whether the bill of lading is used in trade wholly within this State, or in inter-State trade or in foreign commerce. Nor will it be conclusively inferred from the fact of the previous acceptance of a large number of similar bills of lading, not filled up by the shipper or held in his possession to be filled up.

3. SAME—*evidence of assent to limitation.* The acceptance of a bill of lading containing a restriction of the carrier's liability and the previous practice of giving and receiving similar bills of lading, are evidence tending to show that the limitation of liability therein was assented to by the shipper, but neither one nor both such facts would be conclusive evidence thereof.

APPEAL from the Circuit Court of Cook county; the Hon. W. K. McALLISTER, Judge, presiding.

Mr. GEO. GARDNER, and Mr. GEO. B. HIBBARD, for the appellant.

Mr. MELVILLE W. FULLER, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On October 7, 1871, appellees delivered to appellant, at Chicago, two hundred barrels of flour for transportation to New York City, and received for the same a bill of lading. The flour was put into the warehouse in Chicago to await the loading of the vessel for which it was intended, and on the night of October 8 and 9, 1871, was destroyed by the great Chicago fire, without any negligence on the part of any one. This action on the case was brought by appellees against ap-

pellant, as a common carrier, for failing to carry and deliver the flour to the consignee. The general issue was pleaded, and the cause tried by the court without a jury, resulting in a finding for plaintiffs for the value of the flour and interest, and judgment, from which defendant appeals.

This same case was before this court at a former term, and is reported in 68 Ill. 369, when the judgment in favor of the plaintiffs below was reversed, on the ground of being against too many defendants, the opinion of this court on the merits being in favor of such plaintiffs.

The bill of lading delivered to the consignors contained a provision relieving the carrier from liability for loss by fire while the property is in transit, or while in depots, etc. This court has repeatedly held, that there must be the assent of the shipper in order to make binding upon him such a limitation of the carrier's common law liability, and that with such assent it is binding. As the bill of lading was the only evidence of the delivery of the flour to appellant, or of any contract for the transportation of the same, and as there was evidence that appellees had, before, accepted quite a number of bills of lading of a similar character in the course of their business with appellant, two points are made by appellant for the reversal of the judgment: 1st. That from the fact, alone, of the acceptance of the bill of lading, the assent of the shipper to its terms and conditions should be inferred. 2d. That appellees should be held to have assented to the contract expressed in the bill of lading from their receipt of the many similar bills of lading, running through the years 1870 and 1871, from the appellant without objection, or be estopped from setting up their ignorance of the contents of the instrument and consequent want of assent to its provisions, by such course of dealing with appellant.

It is insisted that the bill of lading, being the only contract between the parties, and relied upon by the appellees as such, must be taken as a whole, and all its provisions must be regarded as binding upon both parties. This same point was made and urged when the case was here before, it being then

said: "This bill of lading, appellants insist, was the contract of the parties, by which they are bound, and the provisions of which are plainly and easily understood by any business man, and the assent of the shipper to the terms contained in it should be presumed." And it was held that the assent of the shipper to its conditions was not to be inferred from the fact of acceptance alone. The same fact, too, appeared before, of the previous acceptance by these shippers of a large number of similar bills of lading in the course of their business with appellant; yet with these same facts there appearing, it was held that the finding of the court trying the case, in favor of the plaintiffs below, should not be disturbed by this court. We do not see that the case, as to the facts, is now presented any more favorably for appellant than before—the facts appear to be substantially the same. But we are asked by appellant's counsel to reconsider the subject of the qualification of the liability of carriers as contained in *bills of lading,* especially bills of lading used in inter-State trade (as the bill of lading in this case was) or in foreign commerce, and hold that the assent of the shipper to the terms of such a bill of lading will be presumed from its acceptance by him without objection. It is urged that such is the holding of other courts of highest authority, and that it is desirable there should be uniformity, as near as may be, in such a rule of commercial law.

The contrary rule to that contended for by appellant has been so well established by repeated and the uniform decisions of this court, that we must adhere to it as the settled doctrine of the court, although it may not be in harmony with the rule of other courts, and although there may result the supposed inconvenience of diversity in this regard. As already remarked, we have before held, in this very case, that the shipper's assent to the clause of limitation, here, of the carrier's common law liability was not to be presumed from the acceptance of the bill of lading alone,—that is, conclusively presumed. *Anchor Line et al.* v. *Dater et al.* 68 Ill. 369. And other like decisions are *Illinois Central Railroad Co.* v. *Frankenberg,* 54 id.

88, *Field* v. *Chicago and Rock Island Railroad Co.* 71 id. 458, *Merchants' Despatch Transportation Co.* v. *Theilbar*, 86 id. 71, *Merchants' Despatch Transportation Co.* v. *Jœsting et al.* 89 id. 152, *Merchants' Despatch Transportation Co.* v. *Leysor*, id. 43.

Nor do any of these decisions intimate that there should be any restriction of the rule, as is claimed there should be, to the case of other paper writings than a bill of lading proper, such as notices, receipts, tickets, etc., and they must be taken as not to acknowledge any such distinction.

Upon the second point made by appellant, we see no ground for holding appellees estopped from denying assent to this condition in the bill of lading, as arising out of the previous course of dealing between the parties in the giving and acceptance of like bills of lading, containing this same provision.

The proof in that respect was accompanied with the testimony of the appellees that they were unaware of the provision. There was nothing, here, of the kind which appeared in the cases of *Oppenheimer* v. *United States Express Co.* 69 Ill. 62, and *Field* v. *Chicago and Rock Island R. R. Co. supra,* where the receipts or bills of lading were in the previous possession of the consignors, and the blanks in them had been filled up by the consignors or their clerks, there having been a previous like practice in respect to shipments before, and where, although there was the testimony of the consignors that they had no knowledge of the stipulations limiting the responsibility of the carrier, and never assented to them, this court said, in the former case, that the consignors must be held to have had such knowledge, and in the latter, that it was impossible, in the very nature of things, that the contents of the bills of lading should not have been known and well understood by the consignor, and that the facts existing were sufficient to outweigh such contrary statements of the consignor and his clerk; and the finding of the court below that there was such knowledge and assent was sustained. But there was no such evidence, in the present case, of the consignors having the

bill of lading previously in their possession and filling it out, or of a practice, before, of doing so with respect to similar bills of lading, or of having any such in their possession for the purpose of filling out for use. There is nothing here inconsistent with what was said in *Mer. Despatch Trans. Co.* v. *Moore*, 88 Ill. 138, as the presumption there spoken of was indulged in the absence of evidence to the contrary. It was not intended to decide that the presumption was conclusive.

The facts relied on by appellant of the acceptance of the bill of lading, and of the previous practice in giving and receiving similar bills of lading, were evidence going to show that the limitation of liability contained therein was known and assented to by appellees, but they were not, either or both of them, conclusive evidence thereof. It was a question of fact, to be determined upon the whole evidence.

We can not say that the finding of the court, sitting as a jury, upon all the testimony in the case, should be set aside as against the evidence, and the judgment will be affirmed.

*Judgment affirmed.*