## The Chicago and Northwestern Railway Company

### v.

### Barnett Simon.

648:36 LRA

*Filed at Ottawa March 28, 1896.*

1. CARRIERS—*effect of accepting goods marked to point beyond terminus of line.* The acceptance by a carrier, for transportation, of goods marked to a place beyond the terminus of its own line, and its giving a receipt therefor, constitute a *prima facie* contract to carry and deliver at the point so marked.

2. SAME—*how liability for delivery beyond terminus may be limited.* The common law duty of a carrier receiving goods for transportation beyond its own line, to deliver at the point of final destination, can not be limited by notice, nor by any stipulation or limitation expressed in its receipt given for the property.

3. SAME—*liability beyond terminus may be limited by contract.* A limitation of a carrier's liability for safe carriage and delivery of freight beyond the terminus of its own line may be made by restrictions contained in that part of the bill of lading which may constitute a contract.

4. SAME—*receiving of bill of lading by shipper is not notice of contents.* The mere receiving of a bill of lading without notice of restrictions upon the common law liability of the carrier therein contained does not amount to an assent to such restrictions, making them binding upon the consignor.

5. SAME—*carrier must prove shipper assented to restrictions in bill of lading.* A carrier seeking to avoid liability under a contract limiting its liability contained in a bill of lading which constitutes both a receipt and a contract, has the burden of showing the restrictions of its common law liability were assented to by the consignor.

6. APPEALS AND ERRORS—*when question of assent by shipper to restriction is not reviewable by Supreme Court.* The question whether the limitation upon a carrier's liability, contained in a bill of lading, was assented to by the consignor, is a question of fact, which can not be determined by the Supreme Court contrary to the determination of the Appellate and trial courts.

*C. & N. W. Ry. Co.* v. *Simon,* 57 Ill. App. 502, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

A. W. Pulver, for appellant:

That a common carrier can contract against liability beyond its own line, and that, as evidence of such contract, the receipt given to the consignor containing such restriction is sufficient, where the facts of the case raise the presumption that the consignor knew that the receipt contained such a provision and assented thereto, is well established. *Railway Co.* v. *Church,* 12 Ill. App. 1; *Railway Co.* v. *Wilcox,* 84 Ill. 240; *Transportation Co.* v. *Moore,* 88 id. 136; *Field* v. *Railway Co.* 71 id. 458; *Railroad Co.* v. *Hale,* 2 Ill. App. 158; *Express Co.* v. *Haines,* 67 Ill. 137; *Railroad Co.* v. *Frankenberg,* 54 id. 88; *Railway Co.* v. *Montfort,* 60 id. 175; *Arnold* v. *Railroad Co.* 83 id. 273.

The finding of the Appellate Court that the knowledge and assent of the plaintiff's clerk of the limitation to defendant's line, contained in the receipt in his possession and filled out by him, are conclusive on the plaintiff, merely states elementary law on the subject. *Field* v. *Railway Co.* 71 Ill. 458; *Oppenheimer* v. *Express Co.* 69 id. 65; *Railroad Co.* v. *Jonte,* 13 Ill. App. 429.

The statute invoked, prohibiting the limitation of the carrier's liability, does not apply to the case at bar. *Railway Co.* v. *Church,* 12 Ill. App. 1; *Mulligan* v. *Railroad Co.* 36 Iowa, 181; Hutchinson on Carriers, sec. 149; *Railway Co.* v. *Wilcox,* 84 Ill. 240.

Lloyd W. Bowers, and E. E. Osborn, (of counsel,) also for appellant.

Rosenthal, Kurz & Hirschl, for appellee:

Assent is not necessarily to be presumed from the acceptance of the bill of lading. *Express Co.* v. *Stettaners,* 61 Ill. 184.

Assent is for the jury to determine as a question of fact, upon evidence *aliunde* and all the circumstances attending the giving of the receipt. *Express Co.* v. *Schier,* 55 Ill. 140.

It is for the jury to determine whether the shipper intended to accept an undertaking with a restricted liability. *Express Co.* v. *Haynes*, 42 Ill. 89.

Defendant accepted the goods marked for Seattle, Washington. This made, *prima facie*, a contract to carry to Seattle. *Railway Co.* v. *Wilcox*, 84 Ill. 239.

The shipper is not bound by the limitation of defendant's liability unless he knew thereof and understandingly assented thereto; and that he so did must be affirmatively shown, and is not presumed from his merely accepting a receipt or bill without dissent. *Transit Co.* v. *Hosking*, 19 Ill. App. 607; *Fortier* v. *Pennsylvania Co.* 18 Ill. App. 260; *Transportation Co.* v. *Theilbar*, 86 Ill. 71.

The burden is on defendant to prove the assent of the shipper to the restriction in the bill of lading, and it must be clearly shown. It can only be inferred from satisfactory evidence. *Transportation Co.* v. *Joesting*, 89 Ill. 152.

By the statute of 1874 (enacted subsequently to the times of the origin of all the Supreme Court cases cited by defendant) the defendant cannot, in a mere receipt, make a limitation. *Railway Co.* v. *Chapman*, 133 Ill. 96.

Mr. Justice Phillips delivered the opinion of the court:

By his declaration the plaintiff alleged in the first count that defendant, as a common carrier for hire, received and undertook to carry certain goods from Chicago, Ill., to Seattle, in the State of Washington, and there safely deliver the same to the plaintiff, but neglected and failed to do so, by reason of which the plaintiff sustained damage. The second count was similar to the first, with the averment of a different shipment as to date.

It appears the appellee had been long accustomed to have in his possession receipts furnished by the appellant, which provided that if the property was to be forwarded beyond the lines of the appellant it should be delivered to a carrier to be carried to the place of des-

tination, and that the responsibility of the appellant should cease at its depot, at which the property was to be delivered to such carrier.   On April 29, 1889, by order of the appellee, his book-keeper shipped a case of dry goods, marked, "B. Simon, Seattle, W. T.," by the railway of the appellant, and sent to the depot one of the receipts, properly filled out, for signature by the agent of the appellant.   The agent signed it by a stamp, which in red letters stated, "not responsible beyond the terminal station on this line."   The receipt was returned to the store of the appellee, who two days afterward exchanged it for a bill of lading, without, as he testified, knowing the contents of either.   At Minnesota Transfer, in the State of Minnesota, (the terminal station of the railway of appellant on the line between Chicago and Seattle,) the appellant delivered the case to the Northern Pacific Railroad Company, the connecting railway towards Seattle.   There was a wrong delivery of the case by the Puget Sound Railroad Company, to whom it was afterward delivered, so that it was lost to the appellee, and he sued the appellant for such loss, and has recovered in the trial court, and on appeal to the Appellate Court that judgment was affirmed.   The book-keeper was not called as a witness.   The question presented on this record is whether the appellant is liable, by reason of the attempted restriction in the bill of lading, for losses beyond the terminus of its own line.

By the adjudications of this court the rule is established as a principle of the common law, that where a carrier receives and accepts goods marked to a place beyond the terminus of its own line, its receipt for goods so marked is to be construed as a *prima facie* contract to carry and deliver at the point so marked.   *Illinois Central Railroad Co.* v. *Copeland,* 24 Ill. 332; *Illinois Central Railroad Co.* v. *Johnson,* 34 id. 389; *Illinois Central Railroad Co.* v. *Frankenberg,* 54 id. 88; *American Merchants' Union Express Co.* v. *Schier,* 55 id. 140; *Chicago and Northwestern Railway Co.*

v. *Montfort,* 60 id. 175; *United States Express Co.* v. *Haines,* 67 id. 137; *Chicago and Northwestern Railway Co.* v. *Northern Line Packet Co.* 70 id. 217; *Field* v. *Chicago and Rock Island Railroad Co.* 71 id 458; *Merchants' Despatch Transportation Co.* v. *Moore,* 88 id. 136; *Merchants' Despatch Transportation Co.* v. *Kahn,* 76 id. 520; *St. Louis and Iron Mountain Railroad Co.* v. *Larned,* 103 id. 293; *Erie Railway Co.* v. *Wilcox,* 84 id. 239.

Such being the common law duty of the carrier it can not limit that duty by notice. (*Western Transportation Co.* v. *Newhall,* 24 Ill. 466; *Merchants' Despatch Transportation Co.* v. *Furthmann,* 149 id. 66, and cases cited.) Neither can the carrier limit his common law liability safely to deliver such property at the place to which the same is to be transported, by any stipulation or limitation expressed in the receipt given for such property. (Starr & Curtis' Stat. chap. 114, sec. 96, and chap. 27, sec. 1.) By these two sections (the first adopted in 1872 and the second in 1874) the right to limit a common law duty in a receipt was prohibited. It has, however, been recognized by frequent decisions of this and other courts, that a common law duty may be limited by express contract. *Field* v. *Chicago and Rock Island Railroad Co.* 71 Ill. 458; *Illinois Central Railroad Co.* v. *Frankenberg, supra; Illinois Central Railroad Co.* v. *Morrison,* 19 Ill. 136; *Chicago and Northwestern Railway Co.* v. *Chapman,* 133 id. 96, and cases cited.

Bills of lading may be both receipts and contracts. So far as they acknowledge the delivery and acceptance of the goods they are mere receipts. As to the rest they may become express contracts. (Hutchinson on Carriers, 122.) The rule that a limitation of a carrier's liability for safe carriage and delivery of freight beyond the terminus of the carrier's own line may be made by restrictions contained in that part of the bill of lading which may constitute a contract, has been recognized in this State. *Erie and Western Transportation Co.* v. *Dater,* 91 Ill. 195; *Merchants' Despatch Transportation Co.* v. *Joesting,* 89 id. 152; *Merchants' Despatch Transportation Co.* v. *Leysor,* id. 43.

Where a contract limiting the liability of the carrier is contained in a bill of lading which, in its entirety, constitutes both a receipt and contract, the *onus* is on the carrier to show the restrictions of the common law liability were assented to by the consignor. (*Field* v. *Chicago and Rock Island Railroad Co. supra; Boscowitz* v. *Adams Express Co.* 93 Ill. 523.) And whether there is such assent is a question of fact. The mere receiving the bill of lading, without notice of the restrictions therein contained, does not amount to an assent thereto. (*United States Express Co.* v. *Haines, supra; Anchor Line* v. *Dater,* 68 Ill. 369; *American Merchants' Union Express Co.* v. *Schier, supra; Merchants' Despatch Transportation Co.* v. *Joesting, supra; Erie and Western Transportation Co.* v. *Dater, supra.*) In this case, whether the limitation in the bill of lading was assented to by the consignor was a question of fact determined by the Appellate and trial courts adversely to appellant, and no question of law is presented in this court under which those questions of fact are before us.

We find no error of law, and the judgment of the Appellate Court is affirmed.                           *Judgment affirmed.*