## The Indiana, Illinois & Iowa Railroad Company v. Empire Rubber Manufacturing Company.

### Gen. No. 11,668.

1.  BILLS OF LADING—*when provisions of, do not restrict liability of carrier.*  Where the evidence does not show that the bills of lading constituted a contract between the shipper and the carrier, restrictions upon the carrier's common-law liability contained in such bill of lading will not affect the rights of the shipper.

2.  CARRIER—*implied promise of.*  Where the carrier received merchandise and undertook its delivery, there is an implied promise safely to carry and deliver the same without delay to the consignee.

Action of assumpsit.  Appeal from the Circuit Court of Cook County; the Hon. FREDERICK A. SMITH, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1904.  Affirmed.  Opinion filed April 18, 1905.

**Statement by the Court.**   This is an appeal by the defendant from a judgment for $475 recovered against it by appellee.

The case was submitted to the court upon an agreed statement of facts.  The following are the facts so stipulated:  That in June, 1897, the plaintiff delivered at Trenton, N. J., to the Pennsylvania Railroad Company, a common carrier, two packages of goods, of a certain value, for carriage according to bills of lading issued by said company to the plaintiff, copies of which were attached to the stipulation marked respectively " Plaintiff's Exhibits A and B;" that the marks, consignee and destination, were stated in each bill of lading as follows: "Kankakee, Ills. (E), Empire Rubber Mfg. Co.;" that the Pennsylvania Railroad Company safely and without delay carried said goods to Hamlet and there delivered the same to the defendant, a common carrier of freight from Hamlet to Kankakee, Illinois; that the defendant safely and without delay carried said goods to Kankakee and there on June 30, 1897, delivered the same to the Kankakee Manufacturing Company; that Kankakee is on the road of the defendant and is not on the road of

the Pennsylvania Railroad Company; that each of said bills of lading contains the following, among other conditions :

" Nine.  If the word 'order' is written herein immediately before or after the name of the party to whose order the property is consigned, without any condition or limitation other than the name of a party to be notified of the arrival of the property, the surrender of this bill of lading, properly endorsed, shall be required before the delivery of the property at destination.  If any other than the aforesaid form of consignment is used herein, the said property may, at the option of the carrier, be delivered without requiring the production or surrender of this bill of lading."

Although the word "order" was not written in either bill of lading before or after the name of the consignee, the plaintiff indorsed on each over its signature the words, " Deliver to the Kankakee Manufacturing Company or order," and sent the same with draft attached thereto to a bank at Kankakee with instructions to deliver the bills of lading upon payment of the drafts.  The drafts were presented but not paid, and with the bills of lading were returned to plaintiff July 3, 1897.

The bills of lading each also contained the following provisions:

" It is mutually agreed in consideration of the rate of freight hereinafter named, as to each carrier, of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the conditions, whether printed or written herein contained, and which are hereby agreed to by the shipper and by him accepted for himself and his assigns as just and reasonable."

"Claims for loss or damage must be made in writing to the agent at point of delivery promptly after arrival of the property, and if delayed for more than thirty days after the delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event."

It does not appear that plaintiff made any claim upon the defendant for the goods and the suit was brought December 17, 1900.

CARY & WALKER, for appellant.

WILLIAM ELMORE FOSTER and JOHN C. STETSON, for appellee; GEORGE WILLARD, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The contention of appellee that the bills of lading issued by the Pennsylvania Railroad Company to it are not parts of the stipulations and were not offered in evidence, is without merit. The stipulations were in writing and in terms state that a copy of the bills of lading are thereto attached marked "Plaintiff's Exhibit A" and "Plaintiff's Exhibit B." The record states that the stipulations were admitted in evidence and the bills of lading are parts of the stipulation.

The contention of the appellant is that the bills of lading constituted contracts between plaintiff and the Pennsylvania Company, that the carrier should not be liable for loss or damage to goods unless a claim therefor in writing was made within thirty days after due time for the delivery thereof, and that under the provisions of the bills of lading the appellant received and carried said goods subject to all the conditions contained in the bills of lading.

The bills of lading were not signed by the plaintiff. The statute, section 33, chapter 114, R. S., provides that it shall not be lawful for a carrier " to limit its common-law liability to safely deliver property at the place to which the same is to be transported by any stipulation or limitation expressed in the receipt given for the safe delivery of such property." The evidence does not show that the bills of lading constituted contracts between the Pennsylvania Railroad Company and the plaintiff, by which the common-law liability of the carrier was in any wise limited or restricted. C. & N.-W. R. R. Co. v. Simon, 160 Ill. 648. As the bills of lading are not contracts restricting or limiting the common-law liability of the Pennsylvania Railroad Company, we need not consider the question whether the defendant would be entitled to the benefit of such contracts if they

existed, nor the question whether a claim for the wrongful delivery of the goods to a person other than the consignee could be considered a claim for the loss or damage to the goods so wrongfully delivered.   The goods were addressed and consigned to the plaintiff at Kankakee.   The defendant, a common carrier, received the goods at Hamlet, a station on its road, for carriage to Kankakee, another station on its road, and the law implied therefrom a promise by the defendant to the plaintiff safely to carry said goods without delay and deliver the same to the plaintiff at Kankakee.   It is this implied promise which is set up in the declaration and established by the proof.

The contention that there existed between plaintiff and defendant an express executory contract for the carriage of the goods from Hamlet to Kankakee, based upon the terms of the bills of lading, is not tenable and it is upon this contention that the argument that there was a variance between the declaration and the proofs is based.

The judgment is upon the admitted facts clearly right and will be affirmed.

*Affirmed.*

Mr. Justice SMITH took no part in the decision of this case.