# Edwin Beggs, Appellee, v. Postal Telegraph-Cable Company, Appellant.

1.   TELEGRAPH COMPANIES—*burden to show assent to restrictive provisions.* Where conditions are printed upon the back of a telegram blank the burden of proof is upon the party asserting such conditions to show that the sender of the message was cognizant of or had knowledge, presumptive or otherwise, of the conditions named and contained in the printed matter, and unless such is shown the sender of such message is not bound by such conditions.

2.   TELEGRAPH COMPANIES—*what evidence competent in action for failure to deliver telegram.* Held, in such an action, that it was error for the court to reject evidence offered by the company which tended to prove the condition of its service, the means by which it had to transmit messages, etc.

3.   TELEGRAPH COMPANIES—*duty as to cipher messages.* A telegraph company is under the same obligation to receive and transmit a cipher message as it is to receive and transmit any other message, and it is immaterial in what manner or from whom the sender of such message obtained the cipher code.

4.   TELEGRAPH COMPANIES—*status of agreements to give precedence to certain classes of messages.* Agreements by which a telegraph company undertakes to give precedence to certain classes of messages are void as against public policy.

5.   GAMBLING—*when transactions in grain not.* The fact that contracts were made with various farmers who had grain for sale, whereby such grain was purchased for delivery at future times, does not show transactions gambling in character.

6.   INSTRUCTIONS—*propriety of giving by court of its own motion.* While it will not reverse, it is bad practice for the court to prepare an instruction of its own motion and inform the jury that such instruction was given by the court upon its own motion.

7.   INSTRUCTIONS—*approved form as to effect of restrictive conditions printed upon telegram blank.* The following instruction upon this subject is approved:

"The court instructs the jury that the rules and conditions on the back of the message in question are not binding on the plaintiff, unless you believe from the evidence that the plaintiff or his agent knew of the conditions and limitations on the back of the message and with such knowledge assented to them, and if such knowledge and assent is not shown by the evidence then the matters printed on the back of the message cannot be considered by the jury in determining your verdict."

Appeal from the Circuit Court of Macon county; the Hon. WIL-

LIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed December 1, 1910.

HUGH CREA and HUGH W. HOUSUM, for appellant.

CHESTER ALLAN SMITH and BUCKINGHAM & GRAY, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

The declaration is in trespass on the case for failure to deliver a telegram; judgment below was against appellant for $1,125.

The declaration on which this case was finally tried consisted of four counts. The first count alleged that defendant owned and operated a line of telegraph from Decatur, Illinois, to Chicago, Illinois, for hire, etc., and that it became and was the duty of appellant to send all messages offered to it for delivery from Decatur, Illinois, to Chicago, Illinois, in such time as was required by the sender of such message; that appellee was possessed of a large quantity one hundred thousand bushels of No. 2 red winter wheat and desired to sell the same on the Chicago Board of Trade; that by his agent, H. I. Baldwin & Co., he delivered to appellant at 9:10 A. M. on July 8, 1907, a cipher telegram addressed to the Nye & Jenks Grain Co., Chicago, as follows:

"May book, absolute, alchemy, august, devilish, flirting, diagram, absorbing, diameter, absorbing, dictator, absorbing, dignified; all good today." Signed "H. I. Baldwin & Co., Grain, Review Building, Decatur, Ill."

Which telegram when translated was as follows:

"You may book for shipment 5000 bushels of number 2 red winter wheat on the basis of the price of the Chicago September 1907 future to be loaded on cars for shipment to Chicago during the month of August, 1907, at 94 cts per bushel; 6000 bushels at 94 5/8 cts. per bushel; 25,000 bushels at 95 cts. per

bushel; 25,000 at 95 1/2 cts. per bushel; 25,000 bushels at 96 cts. per bushel."

Averring said sales were only authorized to be made on the date said telegram was delivered to appellant as aforesaid. That prior to the delivery of the said message appellant was informed by appellee through his agent, H. I. Baldwin & Co., that all such messages in cipher delivered to it before 9:30 A. M. would be for the sale of grain and that it was necessary to have all such messages, directed to any member of the Board of Trade in the City of Chicago, delivered before 9:30 A. M. of the same day; that with this knowledge, appellant received the message, and it became and was its duty to transmit said message to Chicago in time to be received by Nye & Jenks Grain Company to whom it was addressed before 9:30 A. M. July 8, 1907.

The count further avers that said telegram as between appellee and Nye & Jenks Grain Company the words "On the basis of the price of the Chicago 1907 future" meant, that said Nye & Jenks Grain Co. would buy the said wheat named in the telegram at the price named therein, provided the price of No. 2 red winter wheat September 1907 future on said Board of Trade reached one and a half cents per bushel higher than the price named in the message. That at 9:30 A. M. the price was sufficient to have permitted appellee to have realized a sale as directed by this message, but that appellant delayed the said telegram so that it was not received by the Nye & Jenks Grain Company until 9:30 A. M. of said day, and at that time the price had declined so that it was impossible to make a sale at the prices named in the telegram.

The second count avers substantially the same state of facts as the first, alleging that it thereby became the duty of appellant to send said message to Chicago so that it would be reecived by Nye & Jenks Grain Company by 9:30 A. M., but that appellant, intending and contriving to injure appellee, delayed said mes-

sage so that it was not received by the said Nye & Jenks Grain Company until 9:45 A. M. and that at 9:30 A. M. of said day the price of . Number 2 red winter wheat was sufficient to have permitted and secured a sale at the prices named in the telegram, but that by 9:45 A. M. the price had declined so it was impossible to make the sale as directed in the telegram.

The third count is substantially the same as the first and second so far as the transactions relating to the delivery and transmision of the telegram are concerned, and further alleges that if the said telegram had been delivered by 9:30 A. M. that the said Nye & Jenks Grain Company would have bought the said grain at the prices named but that the said telegram was delayed and not delivered until 9:45 A. M. and at that time the price had so declined that the sales could not be consummated at the prices named.

The fourth count is substantially the same as the third.

The trial court overruled a general demurrer to each count of the declaration and appellant filed thirteen pleas. Demurrer was filed by appellee to all pleas except the general issue. The demurrer was sustained to pleas numbered 2, 3, 4, 8, 9 and 10. Replications were filed, and issue joined on remaining pleas and trial was had.

Appellant has made a complete and exhaustive argument of the entire cause and contends as grounds of reversal of the judgment: That the telegram was received for transmission and delivery under the conditions and provisions printed on said telegram which became a contract limiting its liability; that the telegram related to and was a part of a gambling transaction and appellant was not bound to deliver it; that the court erred in refusing to admit competent evidence offered on behalf of appellant regarding the number of lines had between Decatur and the City of

Chicago and the number of messages received to be transmitted by it on the morning in question between Decatur and Chicago; also as to the condition and use of these lines by other operators and that when so used by other operators at different points with which they were connected, it was impossible to use the same from the Decatur office; and that this evidence was competent upon the question of negligence in the transmission and delivery of the message; also that the trial court erred in refusing to admit evidence as to where the Robinson Code, in which this cipher was written, was obtained, and whether or not appellant had furnished the same to appellee or its agent, Baldwin & Co., for use; that the court erred in not directing a verdict for appellant on its motion; also that the court erred in giving certain instructions on behalf of appellee and erred in refusing certain instructions offered on behalf of appellant and in modifying instruction No. 8 offered by appellant.

The question whether this message was delivered and received under the terms and conditions printed on the telegram blank by appellant was a question of fact for the jury. The rule is well settled in transactions of this character that where conditions are printed upon the back of a message or contract to be signed and by which the sender of such message is sought to be bound, the burden of proof is upon the party asserting such conditions to show that the sender of such message was cognizant of or had knowledge, presumptive or otherwise, of the conditions named and contained in the printed matter upon said message and that unless such is shown then the sender of such message is not bound by such condition. C. N. W. Ry. Co. v. Simon, 160 Ill. 648

Upon the contention that the message related to a gambling transaction and that any contract in relation to receiving for transmission or delivery of a

telegram relating thereto is void, the record discloses that appellee had purchased and contracted for a sufficient amount of grain to have fulfilled the contract which he here directed the Nye & Jenks Grain Co. to book for him; it was not necessary that this grain should at that time have been in his actual, physical possession. The fact that he had made contracts with various farmers who had the grain for sale, and had purchased it from them for delivery at certain future times, the sale of such grain so purchased by him and under these conditions does not constitute the transaction a gambling one and upon the issues raised by the plea relating to gambling transactions, there is no evidence to support the contention of appellant.

Upon the questions of the admission or rejection of evidence; the evidence offered by appellant to prove the condition of its service, and the means by which it had to transmit the messages to Chicago, and whether any other operator was in use of the wire, whether they could be used by the operator at Decatur was proper for the consideration of the jury, as was also the question as to the use of the lines of the company and the number of wires at its disposal for the purpose of sending messages upon the question of an unreasonable delay in the transmission and delivery of the message and it was error to reject such evidence.

In sustaining the objections of appellee as to whether or not appellant furnished appellee with the Robinson Cipher Code the trial court did not err. It is immaterial to appellant company whether a message is written in cipher or not; it is a duty to transmit any message received by it within a reasonable time, without unnecessary delay, in the order in which the message is received and this rule applies to cipher messages as well as any other and the fact as to where, or in what manner appellee or his agent, H. I.

Baldwin, obtained the cipher code was wholly immaterial.

The question whether there was any unreasonable delay or negligence in the transmission and delivery of the telegram and the question of the conditions of the contract relating thereto were questions of fact for the determination of the jury and upon a motion to direct a verdict the trial court cannot weigh the evidence and it did not err in denying the motion of appellant to direct a verdict.

Regarding the contention of appellee that appellant had made a special agreement with H. I. Baldwin & Co. under and by which it had agreed to give its messages, which were in cipher and for the sale of grain upon the Board of Trade, a preference and to send them within a certain specified time regardless of the number of other messages which might be received, was a void agreement, even if the same was made, and no recovery could be had as against appellant for a failure to perform such an agreement; such an agreement is contrary to the provision of the Statute and against public policy and could not be enforced. Hurd's Revised Statute, 1908, sections 6 and 7, chapter 134; The People v. Telegraph Company, 166 Ill. 15; Inter-Ocean Publishing Co. v. Associated Press, 184 Ill. 438; Field's v. Brown, Receiver, 188 Ill. 111; Penn. v. Bornman, 102 Ill. 523.

The evidence in this case fails to show any contract or agreement to deliver the message of appellee upon any certain stated time, and a simple request by the sender of a message that it be delivered within a certain time does not sustain an allegation that appellant contracted to deliver it at a certain time; the simple request to so deliver would not sustain an action in the absence of a special contract to deliver within a specific time. Jacob v. Western Union Telegraph Co., 98 N. W. 402.

It is further insisted that the court erred in refus-

ing to permit witness Fierek, who was the agent of appellant and who received and transmitted the message from Decatur to Chicago, to testify what his authority was in regard to making special contracts for the transmission or delivery of a message. The law does not permit him to make a contract which would give preference to one message over another but if there were no other messages to interfere and the agent of appellant accepted a message by a special contract which was not prohibited by reason of any rule of law or public policy, and having authority from appellant to receive messages for transmission, appellant would be bound by whatever contract such agent might make in regard thereto within the scope of its business, unless the party so delivering such message knew the authority of such agent was limited in that regard and it would be immaterial what directions or instructions appellant had given him.

Appellant insists that it was error in the trial court to prepare an instruction of its own motion and inform the jury that that instruction was given by the court upon its own motion. While this is not a reversible error it is a practice that should not be adopted. All instructions are in contemplation of law the instructions of the court and while it is a general practice for the attorneys to prepare the same and submit them to the court for examination and approval, after they have been approved by the court they are then the instructions of the court and not of counsel and to designate any specific instruction as having been given by the court, of its own motion, would tend to call special attention of the jury to that instruction and cause the jury to infer that the other instructions were not the instructions of the court or that the others need not be given the special consideration that the one prepared by the court on its own motion should be given.

Appellant also complains of the fifth instruction given on behalf of appellee which is as follows:

"The court instructs the jury that the rules and conditions on the back of the message in question are not binding on the plaintiff, unless you believe from the evidence that the plaintiff or his agent knew of the conditions and limitations on the back of the message and with such knowledge assented to them, and if such knowledge and assent is not shown by the evidence then the matters printed on the back of the message cannot be considered by the jury in determining your verdict."

We do not think the instruction is subject to the criticism made; we find no error in the giving of this instruction. The rule of law is that before the sender of a message can be held liable for the printed conditions upon the front or back thereof that it must be shown by the party contending therefor that such party knew of the conditions and assented thereto. This information may come to him by reason of direct notice by calling attention thereto or by reason of his having handled and become familiar with the rules and regulations of the company in the handling and use of the blanks which upon these conditions are printed so that a knowledge might be inferred by the jury, but it is still a question of fact for the jury to determine and they must determine that he did have such knowledge before he can be held to be bound thereby. C. & N. W. Ry. Co. v. Simon, *supra;* Webbe v. Western Union Telegraph Co., 169 Ill. 610.

The contention of appellee that if the message had been delivered before 9:30 A. M. on the morning of the eighth of July, a contract would have been made and the grain sold at the figures named in the telegram is not supported by the evidence. There is no proof that if the telegram had been received at 9:30 A. M. that Nye & Jenks Grain Company would have been able to find a purchaser for this amount of grain upon the Board of Trade or could have consummated a contract of a sale such as appellee contends the telegram authorized or directed. There is no proof that any person was ready and willing to buy that amount of

grain at that price; neither is there any proof to sustain the allegations that the Nye & Jenks Grain Company would have taken the grain at the prices named if the telegram had been received prior to 9:30 or at 9:30. The evidence is that the Nye & Jenks Grain Company would have booked the order, for sale, and there is no proof that after booking the order a sale could have been consummated at the prices authorized.

That such a sale and at such price would have been made is a mere speculation and conjecture, and before recovery can be had there must be substantial proof that parties were ready and willing to make such contract and would have done so. The proof in this record is not sufficient to sustain this judgment.

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*