410 . APPELLATE COURTS OF ILLINOIS.

Hoxsey v. St. Louis and Springfield Ry. Co., 184 Ill. App. 410.

## Nancy V. Hoxsey by John Hoxsey, Appellee v. St. Louis and Springfield Railway Company, Appellant.

1. DAMAGES, § 115*—*when verdict for two thousand dollars for personal injuries sustained by a girl is excessive.* A verdict for two thousand dollars for personal injuries sustained by a girl thirteen years of age by reason of coming in contact with a telephone wire which had fallen across a trolley wire, *held* excessive, the evidence showing that she suffered a burn on her right arm which healed in about six weeks and a burn over her right eye which healed in about two weeks, and that though her eyes were weak after the accident she had complained of sore eyes prior to the injury.

2. APPEAL AND ERROR, § 1725*—*conclusiveness of decision on former appeal.* The decision of an Appellate Court and the propositions of law announced in reversing a case on prior appeal are binding on the court and will not be departed from on a subsequent appeal in the same case.

Appeal from the Circuit Court of Macoupin county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1913. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed October 16, 1913.

RENAKER & RENAKER and GEORGE W. BLACK, for appellant; GEORGE W. BURTON and H. C. DILLON, of counsel.

EDWARD C. KNOTTS, for appellee; PEEBLES & PEEBLES, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Nancy V. Hoxsey by her next friend brought suit against the St. Louis & Springfield Railway Company to recover for personal injuries averred to have been received by coming in contact with a telephone wire, which it is averred by and through the negligence of the defendant fell across its trolley wire, which was charged with a dangerous current of electricity, in the city of Girard, Illinois. The case has been tried twice

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

in the Circuit Court. On the first trial the plaintiff recovered a verdict for one thousand eight hundred and fifty dollars upon which judgment was rendered; upon an appeal to this court that judgment was reversed and the cause remanded. *Hoxsey v. St. Louis & S. Ry. Co.*, 171 Ill. App. 76. A statement of the pleadings will be found in the former opinion and need not be repeated. On the second trial the plaintiff recovered a verdict for two thousand dollars, upon which judgment was rendered and the defendant appeals.

All the legal questions that are raised on this appeal were passed upon in the former opinion of this court adversely to the contentions of the appellant. The decision of an Appellate Court and the propositions of law announced in reversing a case are binding on that court and will not be departed from on a subsequent appeal in the same case. *Mariner v. Ingraham,* 230 Ill. 130; *Beggs v. Postal Tel. Cable Co.,* 176 Ill. App. 406.

The only remaining contention is that the damages allowed are excessive. The evidence shows that the physical injuries suffered by appellee, then a girl of the age of thirteen years, were not serious. She suffered a burn on her right arm five or six inches in length that healed in about six weeks, and there was a burn over her right eye about the size of a quarter that did not heal for about two weeks. The injuries were so slight that but little attention was paid to them at the time. Her father, a veterinary surgeon, applied some salve to the wounds and she was only absent from school four days.

Appellee testified that from the time she was injured her eyes pained her when she read and that they still pain her. She also testified that she had sore eyes for a week or two a year before the injuries complained of were received and that she had fully recovered before the time the injuries complained of were received. A physician was not called to attend to her at

the time she was injured. After the beginning of this suit, and about eighteen months after she was injured, her eyes were examined by Dr. West, who found her vision somewhat defective, but he was unable to determine the cause of the trouble. Appellee attended school the full term after the accident except the four days immediately after it was received and exhibited no signs of trouble or weakness of her eyes and was an average pupil both before and after the accident. Upon a consideration of all the evidence in the case the damages allowed appear to be clearly excessive. If the appellee will remit eight hundred dollars within ten days after this opinion is filed, the judgment will be affirmed for one thousand two hundred dollars; otherwise the judgment will be reversed and the cause remanded.

*Affirmed on remittitur; otherwise reversed and remanded.*