## The Walker-Edmund Company, Defendant in Error, v. Adams Express Company, Plaintiff in Error.

### Gen. No. 14,272.

COMMON CARRIERS—*how question of assent to limitations in contract of shipment determined.* Whether the value of goods shipped, as respects the limitation contained in the supposed contract of shipment, has been agreed upon between the carrier and the shipper, is a question of fact to be determined by the jury from the evidence.

Action of contract. Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and remanded. Opinion filed January 8, 1909.

CHARLES B. ELDER, for plaintiff in error.

ZACHARIAH B. WAGGONER, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Defendant in error, Walker-Edmund Company, sued plaintiff in error, Adams Express Company, in the Municipal Court of Chicago, in an action upon a contract "for the value of two diamond rings billed to C. E. Wattles, Maywood, Neb., on or about 1/24/07 received by defendant for shipment and not delivered nor returned to plaintiff."

The case was tried before the court and a jury. At the close of all the evidence the court orally instructed the jury as follows: "The court instructs you, gentlemen, to find in this case a verdict in favor of the plaintiff, there being no showing here—to the mind of the court—there is no defense in this case. Sign this verdict here as foreman." And thereupon the court presented to the jury the following form of verdict: "We, the jury, find the issues joined in favor of the plaintiff and assess its damages at the sum of two hundred dollars." Judgment was entered on the verdict, and plaintiff in error prosecutes this writ of error to reverse the judgment.

The evidence tended to show that two diamond rings were packed in a box and delivered to a driver of the defendant. With the box, in an envelope, was a memorandum mentioning two rings by number. A receipt was produced and identified by the shipping clerk of the plaintiff and offered in evidence. It was one of a number of receipts in a book of printed blank receipts in the possession of the plaintiff. It contained blank spaces for the name of the shipper and date of shipment, and columns designated for a statement of the article shipped, its value, the consignee and other matters. In the receipt above the spaces for the shipper's name and date were the words: "The company's charge is based upon the value of the property which

must be declared by the shipper." Below these spaces the receipt contained a reference to certain conditions printed in the front of the book, and following that were the words:

"Liability limited to $50 unless a greater value is declared."

The receipt was filled out by plaintiff's shipping clerk and presented by him to the defendant's driver for signature. The driver took the package, signed the receipt and stamped it, "Value asked and not given" with a rubber stamp. Accompanying the package was a C. O. D. envelope containing a memorandum which mentioned two diamond rings. Nothing was said at the time of the delivery of the package and the receipt about the value of the rings in question. Another similar package seems to have been shipped at the same time and included in the receipt. These packages were in size three to four inches wide and five inches long. It does not appear that there was anything in the appearance of either package which would indicate its value.

The goods were taken to the office of the defendant and there weighed and a charge of twenty-five cents made on each package. This was the usual charge for packages of this size, of the value of $50 or less, and the charge was subsequently paid by the plaintiff.

The package in question was lost, and the defendant, before suit was brought, tendered to the plaintiff $50; and after suit was brought, and before trial, paid a like sum into court.

The plaintiff in error contends that the evidence in the record shows that the parties agreed that the value of the contents of the package did not exceed $50. It tendered that amount to the defendant in error before suit was brought, and before trial it paid that amount into court for the benefit of defendant in error; and the trial court should therefore have directed the jury to find the issue for the defendant, plaintiff in error.

In our opinion this contention is not sound. It was a question for the jury to determine whether or not the shipper assented to the value of the shipment. Adams Express Co. v. Haynes, 42 Ill. 89, 93, 94. In Buscowitz v. Adams Express Co., 93 Ill. 523, 531, the doctrine held in Oppenheim v. U. S. Express Co., 69 Ill. 62, is referred to, and it is said that in that case there is "no departure from the uniform decisions of this court, that a carrier cannot be released from the duties and liabilities annexed to its employment unless the shipper assents to the attempted restrictions."

And it is further said in that case: "Unless the limitation clause was assented to by the shippers with a view to release defendant from that liability which the law annexes to its employment, defendant cannot avail of it, and that which counsel maintain as a conclusion of law is nothing more than the effect to be produced by the testimony offered to establish the fact insisted upon." It is undoubtedly the rule in this jurisdiction that the question of the shipper's assent to the limitation fixed in the bill of lading or receipt is a question of fact; and in this case it was for the jury to determine from the evidence under proper instructions whether the defendant assented to the value of the shipment at $50, and thereby that the liability of plaintiff in error in case of loss of the goods should be limited to that amount. C. & N. W. Ry. Co. v. Chapman, 133 Ill. 96, 108; C. & N. W. Ry. Co. v. Calumet Stock Farm, 194 id. 9, 12; C., C., C. & St. L. Ry. Co. v. Patton, 203 id. 376; Wabash R. Co. v. Thomas, 222 id. 337. The court did not err, therefore, in refusing to instruct the jury in that regard as requested by plaintiff in error.

The only witness to the value of the goods in question was Buck, the general manager of defendant in error. In the first instance he was permitted, over the objections of plaintiff in error, to testify to the value of the diamonds in question at Maywood, Nebraska, the place where they were to be delivered, with-

out any showing that he knew the value of such goods in that place. On cross-examination he stated that his valuation of the diamonds was based, not on what they were worth in Maywood, but on his books, which were not in court for examination. In our opinion the motion of plaintiff in error to strike out the testimony of this witness, as to the value of the diamonds should have been sustained.

As we have said above, the question as to whether or not the defendant in error assented to the valuation of $50 with the view of limiting the liability of plaintiff in error in case the goods were lost, was a question for the jury on the evidence before them. The true value of the diamonds was also a question for the jury. The court, however, took the case from the jury by giving the peremptory instruction. This was material error.

For the errors indicated the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*