## Jacob Cohen et al., Appellants, v. Wabash Railroad Company, Appellee.

COMMON CARRIERS—*when instruction in action against erroneous.* In an action to recover the value of property alleged to have been lost or destroyed by the negligence of a carrier, an instruction given at the instance of such carrier predicated upon the effect of a limitation of liability by contract, is erroneous if it ignores the question of the negligence of such carrier and authorizes a verdict for such carrier regardless of its negligence.

Trespass. Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge presiding. Heard in this court at the November term, 1909. Reversed and remanded. Opinion filed May 28, 1910.

WORTHINGTON & REEVE, for appellants.

BELLATTI, BARNES & BELLATTI, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit by Jacob Cohen and Benjamin Cohen, partners, doing business as Jacob Cohen & Son, against the Wabash Railroad Co., to recover the value of a certain property designated as junk, consisting of paper, wool clips, rubber, rope, etc., delivered by the plaintiffs to the defendant at Jacksonville, Illinois, for shipment to Buffalo, New York, and alleged to have been lost or destroyed by the negligence of the defendant. A trial by jury in the circuit court of Morgan county resulted in a verdict for the defendant and a judgment against the plaintiffs in bar of their action and for costs, to reverse which judgment they prosecute this appeal.

On April 23, 1907, the plaintiffs loaded said junk into a freight car, and said car was then sealed by the defendant and removed to a track near its freight depot for shipment. Thereafter, and on the same day the defendant issued to the plaintiffs its combined bill of lading and contract of shipment for said car and contents, wherein the weight of the contents of

the car was stated as being 30,000 pounds, "subject to correction." The first paragraph of the terms and conditions of said contract provided in substance that the defendant and its connecting lines should not be liable for any damage occasioned by improper packing, or from the leakage or breakage of packages, or for any loss or damage occasioned by wet, dirt, fire or loss of weight, or for any loss, damage or delay of goods occasioned by the breaking down of bridges, etc. Plaintiffs represented the weight of the shipment to be 36,954 pounds, and upon the certificate of the weigh master employed by the defendant the net weight of said shipment was stated to be 40,800 pounds. At about six o'clock on the evening of April 26, 1907, the car was examined by defendant's freight agent and found to be in good order with the doors closed and sealed. At about midnight following, the car with its contents was discovered to be on fire and the fire department was called for the purpose of extinguishing the fire. Upon the first inspection of the car after the fire was discovered the door on the south side was found to be open 18 inches or 2 feet. In their efforts to extinguish the fire the members of the fire department and one or more employes of the defendant threw out some of the contents of the car, and the fire was finally extinguished by the application of chemicals. On the following day the contents of the car remaining after the fire, was loaded into another car, the net weight of which was there fixed by the defendant at 17,995 pounds. On the arrival of the car at Buffalo the weight of its contents was determined by plaintiffs' consignee as being 20,775 pounds, and by the agent of the defendant as 20,443 pounds.

Whether or not the defendant was guilty of negligence in failing to properly watch its car, or in any other respect, whereby the fire might have been occasioned or prevented, or in protecting and conserving such of the contents of the car as had been thrown out, were questions of fact for the jury.

The eighteenth instruction given by the court at the instance of the defendant informed the jury if they believed from the evidence the plaintiffs had knowledge of and assented to the provision in the bill of lading by which it was agreed

that in case of fire the defendant should not be liable, and if they further believed from the evidence that the goods claimed by the plaintiffs were lost by fire, then their verdict should be for the defendant. This instruction wholly ignored the negligence of the defendant, if any, whereby the goods in question might have been destroyed by fire. It has been repeatedly held in this state that a common carrier cannot by contract avoid liability resulting from a failure on its part to exercise reasonable care to prevent loss or damage to goods consigned to and received by it for shipment. Adams Express Co. v. Stettaners, 61 Ill. 184; C. & N. W. Ry. Co. v. Chapman, 133 Ill. 96; C. & N. W. Ry. Co. v. Calumet Stock Farm, 194 Ill. 9; Wells Fargo & Co. v. Cutter, 140 Ill. App. 324, affirmed in 237 Ill. 247. The instruction as given directed a verdict and was clearly erroneous and prejudicial to the plaintiffs. Instructions 14, 19 and 22 given at the instance of the defendant are subject to the like criticism and were improperly given.

For error in giving improper instructions to the jury the judgment is reversed and the cause remanded.

*Reversed and remanded.*