74    APPELLATE COURTS OF ILLINOIS.

Produce Reporter Co. v. Adams Express Co., 176 Ill. App. 74.

---

Produce Reporter Company, Defendant in Error, v. Adams Express Company, Plaintiff in Error.

### Gen. No. 16,581.

1. CARRIERS—*damage for delayed express shipment.* Where a reporter company expresses a credit book to a subscriber and the express company is not notified of the existence of the contract or that the book is shipped in part performance thereof, and has no knowledge of the purpose of the shipment from the circumstances, there is no liability either in contract or tort to the reporter company for the whole amount agreed to be paid by the subscriber who rescinded the contract on the book not being delivered.

2. CARRIERS—*damages for delayed express shipment.* Where a subscriber to a credit service rescinds the contract owing to delay of an express company in delivering a credit book, and there is no evidence as to what part of the payment under the contract was to be for the use of the book, or of the market or rental value of the book, the measure of damages in an action against the express company cannot be based on the difference between the market value at the time the book was delivered and the time it should have been delivered, or, if the book has no market value, the rental value for the time it was delayed.

3. CARRIERS—*value stated in express receipt.* Where a reporter company agrees for sixty dollars to give credit service to a subscriber and expresses a credit book and takes a receipt with knowl-

edge that the value is stated to be ten dollars, on a rescission of the service contract by the subscriber owing to a delay in delivering the book, the reporter company cannot recover in excess of ten dollars from the express company.

Error to the Municipal Court of Chicago; the Hon. JOHN C. SCOVEL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed. Opinion filed December 30, 1912.

FREDERICK S. BAKER, for defendant in error.

CHARLES B. ELDER, for plaintiff in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The Produce Reporter Company, defendant in error, sued plaintiff in error, the Adams Express Company, for damages for alleged negligent delay in carrying and delivering to F. B. Bell at Machipongo, Va., a book shipped by the plaintiff. The case was submitted to the court, plaintiff had judgment for sixty dollars damages and the defendant prosecutes this writ of error.

June 16, 1909, plaintiff entered into a contract with Bell by which he engaged the service "Class C" of plaintiff for one year from July 1, 1909, and agreed to pay therefor sixty dollars. The service "Class C" consisted of the use of an "annual credit book," weekly credit sheets, thirty special reports and certain other services and privileges. On the same day plaintiff shipped to Bell by the defendant company said "annual credit book," but it did not reach its place of destination until about December 7, 1909. Early in July Bell notified plaintiff that the book had not been received and plaintiff at once gave notice to defendant, and July 31 made a claim on defendant for the value of the book. August 5 Bell rescinded the contract because he had not received the "credit book." In the receipt taken by plaintiff from defendant for the book its value was stated at ten dollars, and this statement

was entered in the receipt by an employee of the plaintiff.

We think the trial court erred in allowing to plaintiff as damages the amount it would have received from Bell if the contract had been performed by both parties. The defendant was not notified of the existence of the contract between plaintiff and Bell, nor that the book was shipped in part performance of any contract between them, nor is knowledge shown of circumstances from which the purpose of the shipment would naturally be inferred, and in the absence of such notice or knowledge defendant is not liable for the special damages suffered by plaintiff by reason of the rescission of the contract by Bell. Hadley v. Baxendale, 9 Ex. 341, 26 E. L. & Eq. 398; Griffin v. Colver, 16 N. Y. 489; Illinois Cent. R. Co. v. Cobb, Christy & Co., 64 Ill. 128; Benton v. Fay & Co., 64 Ill. 417; Chicago, B. & Q. R. Co. v. Hale, 83 Ill. 360.

It is immaterial whether the action is contract or tort. Benton v. Fay & Co., and Illinois Cent. R. Co. v. Cobb, Christy & Co., *supra.*

The contention of plaintiff in error that the measure of damages is the difference between the market value at the time the article was delivered and such value at the time it should have been delivered, or if the article has no market value, then the rental value for the time it is delayed, cannot be sustained in this case, for neither the market nor the rental value of the book is shown by the evidence. Bell was to pay sixty dollars for the service "Class C," and there was no agreement as to what part of this sum was for the use of the book.

In Schulze v. L. & Y. R. Co., 9 C. B. (N. S.) 632, Lord Esher, M. R. said: "The cases in which the courts are bound to consider the market value of the goods are those in which the plaintiff may go into the market and supply himself. If he cannot do so, that measure of damages cannot be applied. Here the plaintiffs could not have supplied themselves with the like goods

in the market, and the test of damage to be applied is that laid down in Wilson v. L. & Y. R Co., 9 C. B. (N S.) 632, within the principle of which this case falls.'' In Wilson v. L. & Y. R. Co., cited by Lord Esher, the carrier failed to deliver within a reasonable time cloth bought for the purpose of making it into caps, and it was held that the plaintiff was entitled to recover as damages the amount of the diminution in value of the cloth by reason of the season for making up and selling of the caps having passed, but not the anticipated profits, nor the expenses of travelers despatched on journeys rendered fruitless by reason of its inability to execute their orders. In Sutherland on Damages, sec. 1366, it is said that, ''When by delay the goods have become worthless, the owner may recover as for their loss,'' citing Schulze v. Railway, *supra;* Wabash R. Co. v. Harris & Co., 55 Ill. App. 159.

In this case plaintiff was in no condition to claim that the value of the book exceeded ten dollars. Its employee stated the value in the receipt at ten dollars, the defendant by signing the receipt and the plaintiff by accepting it with knowledge of its contents agreed that the value of the book was ten dollars, and plaintiff cannot complain at being held to its own valuation. Adams Exp. Co. v. Stettaners, 61 Ill. 184.

The judgment of the municipal court will be reversed with judgment here for the plaintiff for ten dollars damages.

*Reversed with judgment here.*