Agnes G. Dwyer and Lou R. Anderson, Trading as Dwyer & Anderson, Appellees, v. American Railway Express Company, Appellant.

Gen. No. 8,879.

at the February term, 1935. Heard in this court
Opinion filed March 22, 1935. Rehearing denied May 6, 1935.

C. H. LINSCOTT, of Rockford, for appellant.

HALL & DUSHER, of Rockford, for appellees.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellees were engaged as partners in the jewelry business in the City of Rockford. On August 26, 1924,

they delivered to appellant company a package containing diamonds, consigned to Trachtenderg and Spritzker, of Chicago, Illinois.

The package was lost after delivery to appellant, and suit was instituted by appellees in the circuit court of Winnebago county, to its April term, 1925. The defense urged by appellant was that appellees placed a value of $50 upon the contents of the package delivered by them as aforesaid.

The cause came on for trial before the court without a jury, at the January term, 1934. Judgment was rendered by the court in favor of appellees, for the sum of $778. Appellant brings this appeal, urging reversal upon the grounds that its liability under the contract was limited to $50, and that appellees at the time of making shipment had knowledge of the fact that that value was placed upon the goods shipped.

It appears from the evidence of appellees that they were kept provided with a book by appellant containing printed blank receipts of appellant company, which were in general use and which appellees were in the habit of filling out and presenting to appellant's agent for his signature when he would call to receive a package. It further appears that appellees would pack and prepare the package for shipment. They had engaged in this custom for several years. The terms and conditions on which the appellant received the property for transportation were clearly expressed in its receipts and receipt books, and not in any way calculated to escape attention. The evidence discloses that the receipt in this case was in the handwriting of Agnes G. Dwyer, who is now in the store with Lou R. Anderson; that Miss Dwyer prepared and sealed the package for shipment, and that she had prepared packages for such purpose upon previous occasions. Appellees always made the receipts in duplicate, appellant's driver taking one receipt and appellees retaining the other attached in the book which appellant

furnished them. The receipt in question appears to be the 37th one in the particular book in which it is contained.

The facts and circumstances in this case would indicate that appellees, being proprietors and operators of a business establishment over a period of years, were reasonably well informed in regard to doing business. They were accustomed to filling out those express receipts of appellant company. They do not deny knowledge that such receipts fixed a limitation of $50 as claimed by appellant. The evidence discloses that it was their habit and custom to place the value of $50 upon their shipments, and that they did so in this particular shipment in question.

Appellees having packed and prepared the package for shipment, there was no way for appellant to know the contents or the value thereof except by and through the representation of appellees.

Under contracts of this nature the compensation charged is to be in proportion to the risk assumed. An express company has the right to demand from a consignor such information as will enable it to decide on the proper compensation to charge for the risk, and a limitation of its liability not to exceed $50, if brought to the knowledge of the consignor, is reasonable and consistent with public policy. *Oppenheimer & Co. v. United States Express Co.*, 69 Ill. 62. Where the shipper has knowledge of a provision in a carrier's receipt, whereby the carrier limits its liability for loss to a specified amount, unless a different value is stated in the receipt, and a shipper with such knowledge assents thereto, he cannot recover of the carrier an amount in excess of that stipulated, on the loss of his shipment. *Donchian v. Brink's Chicago City Express Co.*, 217 Ill. App. 124. We understand the rule of law adopted and uniformly adhered to in this State is that a clause in a receipt given to the shipper of goods limiting and restricting the carrier's

14·

liability, if understandingly assented to by the shipper, is binding. *Boscowitz v. Adams Express Co.,* 93 Ill. 523, 530; *Produce Reporter Co. v. Adams Express Co.,* 176 Ill. App. 74. Whether such restrictions are understood to exist and have been assented to by the shipper is a question of fact to be determined from the evidence. We are of the opinion from the evidence in this case that appellees so knew and understood the contract with appellant.

At the time of trial appellant made tender to appellees of the sum of $50 and all costs of the trial court, which tender was refused. The judgment of the circuit court of Winnebago county in favor of appellees and against appellant for the sum of $778 is reversed and this cause is remanded to said court with directions to enter judgment in favor of appellees and against appellant for the sum of $50 and costs of that court. The appellees are to pay the costs of this appeal in this court, and the clerk thereof is directed to tax same accordingly.

*Reversed and remanded with directions.*